information, and clicking the "Submit" button.  A player can also choose withdrawal by check as a withdrawal option.

<u>Gambling Deposits and Withdrawals on Fulltilt.com</u>

64.  On or about the dates listed in the chart below, the CW made deposits to a Full Tilt online gambling account through the Fulltilt.com website, with the funds coming out of the CW's bank account in Manhattan, New York:

| Date | Method of Payment | Amount Requested | Amount Reported |
|------|-------------------|------------------|-----------------|
| 3/30/10 | eCheck | $ 30.00 | $ 30.00 |
| 3/31/10 | eCheck | $ 30.00 | $ 30.00 |
| 3/31/10 | Visa | $100.00 | $ 100.00 |
| 4/09/10 | Visa | $ 30.00 | $ 30.00 |
| 4/23/10 | eCheck | $ 30.00 | $ 30.00 |
| 4/27/10 | eCheck | $ 20.00 | $ 20.00 |
| 4/28/10 | eCheck | $ 20.00 | $ 20.00 |
| 5/6/10 | eCheck | $ 20.00 | $ 20.00 |
| 5/6/10 | eCheck | $ 30.00 | $ 30.00 |
| 5/7/10 | eCheck | $ 11.00 | $ 11.00 |
| 5/11/10 | visa | $ 12.00 | $ 12.00 |
| 5/12/10 | eCheck | $ 21.00 | $ 21.00 |
| 5/12/10 | eCheck | $ 25.00 | $ 25.00 |
| 5/13/10 | visa | $ 12.00 | $ 12.00 |
| 5/18/10 | eCheck | $ 18.00 | $ 18.00 |
| 5/26/10 | eCheck | $ 21.00 | $ 21.00 |
| 5/27/10 | eCheck | $ 14.00 | $ 14.00 |

| Date | Method of Payment | Amount Requested | Amount Reported |
|------|-------------------|------------------|-----------------|
| 5/27/10 | eCheck | $ 14.00 | $ 14.00 |
| 6/2/10 | eCheck | $ 11.00 | $ 11.00 |
| 6/2/10 | eCheck | $ 17.00 | $ 17.00 |
| 6/10/10 | eCheck | $ 20.00 | $ 20.00 |
| 6/11/10 | eCheck | $ 11.00 | $ 11.00 |
| 6/14/10 | eCheck | $ 10.00 | $ 10.00 |
| 6/16/10 | eCheck | $ 14.00 | $ 14.00 |
| 6/17/10 | eCheck | $ 50.00 | $ 50.00 |
| 6/24/10 | eCheck | $ 32.00 | $ 32.00 |
| 6/28/10 | eCheck | $ 28.00 | $ 28.00 |
| 6/29/10 | eCheck | $ 22.00 | $ 22.00 |
| 6/29/10 | eCheck | $ 34.00 | $ 34.00 |
| 6/30/10 | eCheck | $ 22.00 | $ 22.00 |
| 7/1/10 | eCheck | $ 47.00 | $ 47.00 |
| 7/2/10 | eCheck | $ 20.00 | $ 20.00 |
| 7/9/10 | eCheck | $ 11.00 | $ 11.00 |
| 7/13/10 | eCheck | $ 10.00 | $ 10.00 |
| 7/13/10 | eCheck | $ 12.00 | $ 12.00 |
| 7/19/10 | eCheck | $ 14.00 | $ 14.00 |
| 7/23/10 | eCheck | $ 22.00 | $ 22.00 |
| 7/26/10 | eCheck | $ 11.00 | $ 11.00 |
| 7/26/10 | eCheck | $ 14.00 | $ 14.00 |
| 7/27/10 | eCheck | $ 21.00 | $ 21.00 |
| 7/28/10 | eCheck | $ 75.00 | $ 75.00 |
| 7/30/10 | Western Union | $ 105.00 | $105.00 |
| 8/3/10 | eCheck | $ 50.00 | $ 50.00 |

| Date | Method of Payment | Amount Requested | Amount Reported |
|------|-------------------|------------------|-----------------|
| 8/16/10 | eCheck | $ 11.00 | $ 11.00 |
| 9/2/10 | eCheck | $ 12.00 | $ 12.00 |
| 9/15/10 | eCheck | $ 11.00 | $ 11.00 |
| 9/21/10 | eCheck | $ 12.00 | $ 12.00 |
| 9/30/10 | eCheck | $ 11.00 | $ 11.00 |
| 10/14/10 | eCheck | $ 90.00 | $ 89.00 |
| 11/3/10 | eCheck | $ 45.00 | $ 45.00 |
| 11/15/10 | eCheck | $ 12.00 | $ 12.00 |
| 1/14/11 | ACH | $ 14.00 | Not Processed |
| 1/15/11 | ACH | $ 16.00 | Not Processed |
| 1/21/11 | ACH | $ 48.00 | Not Processed |
| 1/24/11 | ACH | $ 51.00 | Not Processed |
| 1/27/11 | ACH | $ 11.00 | Not Processed |
| 1/29/11 | ACH | $ 46.00 | Not Processed |
| 2/1/11 | ACH | $ 43.00 | Not Processed |
| 2/2/11 | ACH | $ 53.00 | Not Processed |
| 2/4/11 | ACH | $ 24.00 | Not Processed |
| 2/8/11 | ACH | $ 52.40 | Not Processed |
| 2/9/11 | ACH | $ 32.00 | Not Processed |
| 2/10/11 | ACH | $ 32.00 | Not Processed |
| 2/14/11 | ACH | $ 59.00 | Not Processed |
| 2/15/11 | ACH | $ 81.00 | Not Processed |
| 2/16/11 | ACH | $ 53.00 | Not Processed |
| 2/20/11 | ACH | $ 12.00 | Not Processed |
| 2/22/11 | ACH | $ 57.00 | Not Processed |
| 2/22/11 | ACH | $ 89.00 | Not Processed |
| 2/23/11 | ACH | $ 87.00 | Not Processed |

| Date | Method of Payment | Amount Requested | Amount Reported |
|------|-------------------|------------------|-----------------|
| 2/24/11 | ACH | $ 56.00 | Not Processed |
| 2/25/11 | ACH | $ 61.00 | Not Processed |
| 3/2/11 | ACH | $ 45.00 | Not Processed |
| 3/2/11 | ACH | $ 71.00 | Not Processed |
| 3/7/11 | ACH | $ 33.00 | Not Processed |
| 3/7/11 | ACH | $ 81.00 | Not Processed |
| 3/8/11 | ACH | $ 57.00 | Not Processed |
| 3/9/11 | ACH | $ 53.00 | Not Processed |
| 3/10/11 | ACH | $ 76.00 | Not Processed |
| 3/10/11 | ACH | $ 34.00 | Not Processed |
| 3/11/11 | ACH | $ 78.00 | Not Processed |

65.  On or about the dates listed in the chart below, the CW requested withdrawals from a Full Tilt online gambling account through the fulltilt.com website.  Automated credits and wire transfers were credited to the CW's bank account in Manhattan, New York:

| Date | Method of Payment | Amount Requested | Amount Reported |
|------|-------------------|------------------|-----------------|
| 3/30/10 | Automated Credit | $100.00 | $100.00 |
| 6/10/10 | Paper Check | $100.00 | $100.00 |
| 6/28/10 | Automated Credit | $120.00 | $120.00 |
| 7/28/10 | Automated Credit | $100.00 | $100.00 |
| 8/2/10 | Paper Check | $100.00 | $100.20 |
| 1/21/11 | Automated Credit; Converted to Wire Transfer | $100.00 | $ 72.08 |
| 2/3/11 | Paper Check | $100.00 | $100.17 |

44

| Date | Method of Payment | Amount Requested | Amount Reported |
|------|-------------------|------------------|-----------------|
| 2/15/11 | Paper Check | $101.00 | $101.22 |
| 2/22/11 | Paper Check | $107.00 | $107.29 |
| 2/25/11 | Paper Check | $102.00 | $102.16 |
| 3/12/11 | Paper Check | $101.00 | $101.15 |
| 3/12/11 | Automated Credit | $102.63 | Pending |

66.   Rather than being issued from accounts in the name of Full Tilt, the payments were issued from accounts in the names of entities with no seeming connection to gambling.  For example, the checks issued on June 10, 2010 came from an account in the name of Arrow Checks.  The check issued on August 2, 2010 came from an account in the name of TLC Global.  The check issued on February 3, 2011 came from an account in the name of Eastern Expressions Inc.  The checks issued on February 14, 18, 23, and 28, 2011 were all in the name of Shared Expressions, Inc.

<u>The Fulltiltpoker.com Domain</u>

67.   In regard to fulltiltpoker.com, registration for this domain was most recently updated on or about September 23, 2008, indicating the registrar Safenames Ltd., with an address in the United Kingdom.  Approximately twenty-one foreign lanaguage sites are affiliated with fulltiltpoker.com.  Most of these are simply pages within the website affiliated with the fulltiltpoker.com such as "fulltiltpoker.com/ar/,"

"fulltiltpoker.com/cn/," and "fulltiltpoker.com/cs/."  These pages are accessible to visitors in the United States.

68.  Full Tilt operates at least two foreign-language affiliate websites, such as "fulltiltpoker.fr," and "www5.fulltiltpokeritaly.co.it/it/," that are not part of the fulltiltpoker.com domain.

<u>THE ABSOLUTEPOKER.COM WEBSITE</u>

<u>Content of the Absolutepoker.com Website</u>

69.  Similar to the Poker Stars and Full Tilt Poker websites, the absolutepoker.com website is an online platform for playing poker with real-money bets.  It consists of numerous webpages that feature information relating to playing poker through the website, including for real money.  The homepage for this site states: "PLAY POKER WITH A PAYOFF!"  It states that players can get, among other things, "Up to $500 for free," or a "Free Seat in a $1,000 Tournament."  At the time of the screen shot, the homepage indicated that there were 15,454 players online playing at 2,377 live tables.  The homepage also states:

> Over the past ten years, millions of people have taken to our tables, playing online poker games for free.  In fact, if there's one thing free online poker players and real money sharks agree on, it's that Absolute Poker is the best place to play poker online.  Take a seat at one of our free online poker games or real money poker tables and start enjoying poker at one of the world's leading sites.
>
> From free online poker games to real money poker tournaments, we'll always make playing poker online with us worth your while.  We

46

offer a huge selection of online poker games
with stakes to suit your budget.  Not to
mention, we offer some of the best deposit
bonuses and poker rewards in the business.  So
what are you waiting for?  Download Absolute
Poker's free software and start playing online
with us.  You could soon be on your way to
winning big games and huge tournament cash
prizes.

70.  The site also has a page dealing with "Online

banking at Absolute Poker."  The page explains:

With more real poker money payment options
than any other poker room, it's no wonder
players from across the globe deposit their
poker money with Absolute Poker!  Our
unrivaled selection of convenient deposit
options and fast poker money withdrawal
methods make it easy to fund your bankroll and
take your winnings to the bank.  When it comes
to online real money poker sites, Absolute
Poker gives you the most options to manage
your poker money!

71.  Another page within the site that deals with

depositing money into Absolute Poker account includes this

unattributed quote: "Nothing beats the thrill of a real money

game.  Fund your account today using any one of the following

secure banking options."  The options listed on the page include

utilizing credit cards, Fast Bank Transfer Service, and a variety

of other methods.

72.  Another page within the site offers guidance to

players for withdrawing their money from the site.  That page

contains the following unattributed quote: "You took it down.  You

owned the table.  You won the pot.  Now, it's time to collect.  We

pride ourselves on superfast payouts at Absolute Poker.  If you've

47

won it - and you want it - it's already on its way."  This page
lists a number of withdrawal methods specifically for U.S. poker
players, including, among others, bank transfers, checks by mail,
and checks by courier.

<u>Gambling Deposits and Withdrawals on Absolutepoker.com</u>

73.  On or about the dates listed in the chart below,
the CW made the following deposits to an Absolute Poker online
gambling account through the absolutepoker.com website from the
CW's bank account held in Manhattan, New York:

| Date | Method of Payment | Amount Requested | Amount Reported |
|------|-------------------|------------------|-----------------|
| 3/25/10 | eCheck | $ 50.00 | $ 50.00 |
| 3/26/10 | Visa | $ 20.00 | $ 19.99 |
| 6/10/10 | Visa | $ 10.00 | $  9.94 |
| 6/14/10 | eCheck | $ 50.00 | $ 50.00 |
| 6/18/10 | Visa | $ 30.00 | $ 29.99 |
| 7/28/10 | eCheck | $100.00 | $100.00 |
| 10/14/10 | Visa | $ 10.00 | $  9.98 |
| 12/27/10 | Visa | $ 12.00 | $ 11.97 |
| 1/4/11 | eCheck | $ 50.00 | $ 49.97 |
| 2/17/11 | ACH | $ 77.00 | $ 76.96 |
| 3/28/11 | ACH | $ 51.00 | $ 50.99 |

74.  On or about the dates listed in the chart below,
the CW requested withdrawals from an Absolute Poker online
gambling account through the absolutepoker.com website, with the
funds credited to the CW's bank account in Manhattan, New York:

| Date | Method of Payment | Amount Requested | Amount Reported |
|------|-------------------|------------------|-----------------|
| 3/25/10 | Automated Credit | $   1.00 | $   0.01 |
| 3/25/10 | Automated Credit | $   1.00 | $   0.02 |
| 8/5/10 | Automated Credit | $100.00 | $100.00 |
| 3/28/11 | Automated Credit | $106.00 | $106.00 |

75.   Rather than being issued from accounts in the name of Absolute Poker, credits issued were through entities with no apparent connection to gambling.

### The Absolutepoker.com Domain

76.   In regard to the absolutepoker.com domain, Registration for this domain was updated on March 3, 2009, indicating the registrar Nom IQ LTD (D.B.A. Com Laude), located in the United Kingdom.  Absolutepoker.com has approximately two third-level domain names affiliated with it, both of which are foreign language sites.  A "third-level domain name" is a domain name with subdomain labels to the left of the domain name "absolutepoker.com," such as "de.absolutepoker.com" and "sv.absolutepoker.com."  The web sites with these third-level domain names are accessible to visitors in the United States.

### THE ULTIMATEBET.COM WEBSITE

### Content of the Ultimate Bet Website, UB.com

77.   As explained in the Indictment, ultimatebet.com is owned and controlled by the same entity controlling

49

absolutepoker.com.  (Ind. ¶ 6).  When attempting to visit
ultimatebet.com, a federal law enforcement agent was instantly
redirected to ub.com.  Like the absolutepoker.com site, the ub.com
site indicates that it is controlled by "Mohawk Internet
Technologies."  The homepage for ub.com contains statements such
as "Raise.Stack.Own," "Feed Your Poker Passion," and "Play & Win.
We're open to everyone including US players!".  At the time of the
screenshot, the homepage noted that 15,414 players were online.
The homepage states:

> If you enjoy playing poker, you'll love the incredible
> selection of online poker games offered at UB.  Formerly
> UltimateBet.com, UB offers the best free online poker
> games and real money poker games available on the web.
> So, whether you're an experienced online poker sites
> player or new to the game, you'll love the excitement of
> playing poker online at our tables.  The new UB also
> features a wide range of online poker stakes and a
> fantastic poker community.  Meet new people and play the
> best free online poker games at UB.  You'll soon see why
> so many people say we're the best of the poker sites.

78.  The homepage also provides information on making
deposits at the ub.com site.  It explains:

> Loading your online poker account at UB is
> simple, safe and secure.  To protect your
> funds, we're proud to offer our customers top-
> of-the-line encryption on all transactions.
> Download UB's free online poker software and
> select from our wide variety of deposit
> options.  Note: For players in the United
> States, we recommend Visa card and bank
> transfer deposits . . .

79.   Under a section on the homepage entitled "The Ultimate Trust," the homepage states "We've been offering poker online for over ten years and are licensed in North America."

80.   A page within the ub.com site deals with making deposits.   For players within the United States, the page recommends deposit by Visa or MasterCard.   The page states: "Poker: Real money deposits add up to big rewards at UB, one of the world's most popular online cardrooms."   The page goes on to explain:

> UB offers you more ways to deposit real money funds into your poker account than almost any other online real money poker room.   As a new player at UB, you'll receive an industry-leading 111% poker deposit bonus when you set up a free account for real money poker play with UB.   What's more our regular reload bonuses help take your poker winnings much further.

81.   A page within the site also deals with the withdrawal of funds from the ub.com poker platform.   For players in the United States, the page lists bank transfers, checks by mail, checks by courier, and premium bank wires as withdrawal methods.

### The Ultimatebet.com Domain

82.   In regard to ultimatebet.com, registration for this domain name was most recently updated on or about October 19, 2009, indicating the registrar GoDaddy.com, Inc., located in Arizona.

<u>The UB.com Domain</u>

83.   I regard to ub.com, registration information for
this domain name was updated on or about November 5, 2009,
indicating the registrar Nom IQ LTD (D.B.A. Com Laude), located in
the United Kingdom.   Approximately three third-level domain names
are affiliated with ub.com, which are foreign language sites.   The
sites are accessible to visitors in the United States.   It also
has at least one foreign language site, "ub.de," that is not part
of the ub.com domain.

## Prior Seizures of Poker Processing Accounts

84.   <u>G.I. Holdings</u>.   On or about August 25, 2009, United
States Magistrate Judge Ronald L. Ellis, Southern District of New
York, issued warrants to seize accounts held in the name of G.I.
Holdings, a payment processor for the Poker Companies, based on
probable cause to believe that the funds were subject to seizure
and civil forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and
(C), 981(b), 984, and 1955, 09 Mag. 1932.   A true and correct copy
of the Affidavit of FBI Special Agent Rebecca E. Vassilakos in
support of the seizure warrants is annexed hereto as <u>Exhibit C</u> and
incorporated by reference as if set forth fully herein.   Pursuant
to the seizure warrants, approximately $3,029,711.94 was seized
from account number 370117950 held at City National Bank in the
name of G.I. Holdings; approximately $2,057,620.28 was seized from
account number 5383346862 held at Wells Fargo Bank in the name of
G.I. Holdings; approximately $3,055,108.21 was seized from account

52

numbers 203023239 held at Citibank, N.A. in the name of G.I.

Holdings; approximately $784,160.95 was seized from account number

203118542 held at Citibank, N.A. in the name of G.I. Holdings;

approximately $1,000.00 was seized from account number 203118559

held at Citibank, N.A., in the name of G.I. Holdings;

approximately $925.00 was seized from account number 203118575

held at Citibank, N.A., in the name of G.I. Holdings;

approximately $124,178.72 was seized from account number

2020003792 held at Service 1st Bank of Nevada in the name of G.I.

Holdings; approximately $1,035,415.44 was seized from account

number 0021002712 held at Nevada Commerce Bank in the name of G.I.

Holdings; and approximately $122,308.78 was seized from account

number 0021002795 held at Nevada Commerce Bank in the name of G.I.

Holdings.

85.  On or about August 31, 2009, United States

Magistrate Judge Michael H. Dolinger, Southern District of New

York, issued a warrant to seize an account held in the name of

G.I. Holdings based on probable cause to believe that the funds

were subject to seizure and civil forfeiture pursuant to 18 U.S.C.

§§ 981(a)(1)(A) and (C), 981(b), 984, and 1955, 09 Mag. 1932.  A

true and correct copy of the Affidavit of FBI Special Agent Dana

Conte in support of the seizure warrants is annexed hereto as

Exhibit D and incorporated by reference as if set forth fully

herein.  Pursuant to the seizure warrant, approximately $231,000

was seized from account number 80000373283 held at First Republic Bank in the name of G.I. Holdings.

86.  SNR, Inc.  On or about October 16, 2009, United States Magistrate Judge Douglass F. Eaton, Southern District of New York, issued warrants to seize accounts held in the names of SNR, Inc., a payment processor for the Poker Companies, based on probable cause to believe that the funds were subject to seizure and forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), 981(b), 984, and 1955, 09 Mag. 2317.  A true and correct copy of the Affidavit of FBI Special Agent Rebecca E. Vassilakos in support of the warrants is annexed hereto as Exhibit E and incorporated by reference as if set forth fully herein.  Pursuant to the seizure warrants, approximately $30.27 was seized from account number 01662184444 held at Huntington National Bank in the name SNR, Inc.; approximately $1,057,797.29 was seized from account number 01662184457 held at Huntington National Bank in the name SNR, Inc.; approximately $649,261.20 was seized from account number 01662191343 held at Huntington National Bank in the name of SNR, Inc.; approximately $199,175.14 was seized from abbount number 658049382 held at the Bank of West in the name of SNR, Inc.; approximately $4,925.00 was seized from account number 0952071585 held at Bank of America in the name of SNR, Inc.; approximately $25.00 was seized from account number 0952071603 held at Bank of America in the name of SNR, Inc.; approximately $992,499.53 was seized from account number 203366638 held at

54

Citibank, N.A., in the name of SNR, Inc.; and approximately $865,000.00 was seized from account number 0952071467 held at Bank of America, N.A., in the name of SNR, Inc.

      87. <u>Viable</u>.  On or about October 26, 2009, United States Magistrate Judge Frank Maas, Southern District of New York, issued warrants to seize accounts held in the names of Viable Marketing Corp. and EZO, LLC, payment processors for the Poker Companies, based on probable cause to believe that the funds were subject to seizure and civil forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), 981(b), 984, and 1955, 09 Mag. 2382.  A true and correct copy of the Affidavit of FBI Special Agent Rebecca E. Vassilakos in support of the seizure warrants is annexed hereto as <u>Exhibit F</u> and incorporated by reference as if set forth fully herein.  Pursuant to the seizure warrants, approximately $8,168,168.89 was seized from account number 7431859508 held at Fifth Third Bank in the name of Viable Marketing Corp.; approximately $40,960.86 was seized from account number 7432618069 held at Fifth Third Bank in the name of Viable Marketing Corp.; approximately $376,706.19 was seized from account number 229006067857 held at Bank of America in the name of Viable Marketing Corp.; and approximately $33,743.75 was seized from account number 003678667131 held at Bank of America in the name of EZO, LLC.

      88.  On or about February 19, 2010, United States Magistrate Judge Kevin Nathaniel Fox, Southern District of New

York, issued a warrant to seize accounts held in the name of
Viable Processing Solutions, a payment process for the Poker
Companies, based on probable cause to believe that the funds were
subject to seizure and civil forfeiture pursuant to 18 U.S.C. §§
981(a)(1)(A) and (C), 981(b), 984, and 1955, 10 Mag. 354.  A true
and correct copy of the Affidavit of FBI Special Agent Dana Conte
in support of the seizure warrants is annexed hereto as Exhibit G
and incorporated by reference as if set forth fully herein.

          89.  LST Financial and Redfall.  On or about July 19,
2010, United States Magistrate Judge Kevin Nathaniel Fox, Southern
District of New York, issued warrants to seize accounts held in
the names of LST Financial, ASP Consultants, LLC, Autoscribe
Corporation, and Axiom Foreign Exchange Intl, based on probable
cause to believe that the funds were subject to seizure and civil
forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), 981(b),
984, and 1955, 10 Mag. 1562.  A true and correct copy of the
Affidavit of FBI Special Agent Rosemary Karaka in support of the
seizure warrants is annexed hereto as Exhibit H and incorporated
by reference as if set forth fully herein.  Pursuant to the
seizure warrants, approximately $447,196.79 was seized from
account number 804815470 held at JPMorgan Chase Bank in the name
of ASP Consultants, LLC; approximately $12,642.44 was seized from
account number 804815488 held at JPMorgan Chase Bank in the name
of ASP Consultants, LLC; approximately $4,472.58 was seized from
account number 822823779 held at JPMorgan Chase Bank in the name

of ASP Consultants, LLC; approximately $84.21 was seized from account number 822824025 held at JPMorgan Chase Bank in the name of ASP Consultants, LLC; approximately $6,047.84 was seized from account number 822824140 held at JPMorgan Chase Bank in the name of ASP Consultants, LLC; approximately $17,460.95 was seized from account number 1003245502 held at JPMorgan Chase Bank in the name of ASP Consultants, LLC; and approximately $8,018.04 was seized from account number 9105709543 held at Citibank, N.A. in the name of Autoscribe Corporation.

90.   EPX and MAS, Inc.   On or about December 1, 2010, United States Magistrate Judge Ronald L. Ellis, Southern District of New York, issued a warrant to seize $6,152,285.88 on deposit at First Bank of Delaware in account numbered 9016139; all funds on deposit at UMPQUA Bank in account number 972402309 held in the name of Ultra Safe Pay and all property traceable thereto, and all funds on deposit at Hawaii National Bank in account number 12008656 held in the name MAS Inc. and all property traceable thereto based on probable cause to believe that the funds were subject to seizure and civil forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), 981(b), 984, and 1955, 10 Mag. 2701.  A true and correct copy of the Affidavit of FBI Special Agent Rosemary Karaka in support of the seizure warrants is annexed hereto as Exhibit I and incorporated by reference as if set forth fully herein.

V.   PROBABLE CAUSE FOR FORFEITURE

57

91. As set forth above, because internet gambling businesses such as those operated by the Poker Companies were illegal under United States law, internet gambling companies, including the Poker Companies, were not permitted by United States banks to open bank accounts in the United States to receive proceeds from United States gamblers. Instead, the principals of the Poker Companies operated through various deceptive means designed to trick United States banks and financial institutions into processing gambling transactions on the Poker Companies' behalf.

## The Poker Companies

92. As alleged above and in the Indictment, the Poker Companies are properties used in violation of Title 18, United States Code, Section 1955. The Poker Companies and all or their assets are subject to forfeiture pursuant to Title 18, United States Code, Section 1955(d).

## The Poker Company Domain Names

93. As alleged above and in the Indictment, the Poker Company Domain Names (the Subject Domain Names described above) are properties used in violation of Title 18, United States Code, Section 1955 and are properties involved in money laundering transactions.

### The Poker Company Accounts

94.  As alleged above and in the Indictment and as described in the Karaka Declaration, the Poker Company Accounts[1] are held in the names of the Defendants and corporate entities controlled by the Defendants, and are used in violation of the provisions of Title 18, United States Code, Section 1955.  (Ex. B ¶¶ 26-55).

95.  Further, as alleged above and in the Indictment and as described in the Karaka Declaration, the Poker Company Accounts contain funds traceable to illegal gambling businesses, bank fraud, wire fraud, and money laundering.  (Ex. B ¶¶ 26-55).

### The Poker Processor Accounts

96.  As alleged above and in the Indictment and as described in the exhibits attached hereto, the Poker Processor Accounts[2] contain funds constituting or derived from proceeds traceable to bank fraud and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1344, and property involved in transactions in violation of Title 18, United States Code, Sections 1956 and 1957, and property traceable to such property. (Ex. B ¶¶ 61-73).

---

[1]    Listed in Schedule A, incorporated by reference as if fully set forth herein

[2]    Listed in Schedule B, incorporated by reference as if fully set forth herein.

97.   In sum, there is probable cause to believe that the Defendant Properties constitute (a) property used in illegal gambling businesses, in violation of Title 18, United States Code, Section 1955, and the proceeds of illegal gambling businesses; (b) the proceeds of a conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Sections 1343, 1344, and 1349; and (c) property involved in a conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h).   Accordingly, the Defendant Properties are subject to forfeiture to the United States of America pursuant to Title 18, United States Code, Sections 981(a)(1)(A), 981(a)(1)(C), and 1955(d).

## VI.   CLAIMS FOR FORFEITURE

### FIRST CLAIM FOR RELIEF

**Forfeiture Under 18 U.S.C. §§ 1955(d) and 981(a)(1)(C) –**

**Illegal Gambling**

98.   Paragraphs 1 through 97 of this Complaint are repeated and realleged as if fully set forth herein.

99.   Pursuant to 18 U.S.C. § 1955(d), "Any property, including money, used in [an illegal gambling business] may be seized and forfeited to the United States."

100. Additionally, Title 18, United States Code, § 981(a)(1)(C) subjects to forfeiture:

Any property, real or personal, which
constitutes or is derived from proceeds
traceable to a violation of section . . . 1344
of this title or any offense constituting
'specified unlawful activity' (as defined in
section 1956(c)(7) of this title), or a
conspiracy to commit such offense.

101. Title 18, United States Code, § 1956(c)(7) defines
the term "specified unlawful activity" to mean, in relevant part,
"any act or activity constituting an offense listed in section
1961(1) of this title. . . ." Among the specified unlawful
activity set forth in 18 U.S.C. § 1961(1) is 18 U.S.C. § 1955.

102. The Defendant Properties are subject to forfeiture
pursuant to 18 U.S.C. § 1955(d) because they were used in
violation of the provisions of 18 U.S.C. § 1955.

103. The Defendant Properties are also subject to
forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as property
constituting, or derived from, proceeds of conducting illegal
gambling businesses.

**SECOND CLAIM FOR RELIEF**

**Forfeiture Under 18 U.S.C. § 981(a)(1)(C) – Bank and Wire Fraud**

104. Paragraphs 1 through 97 of this Complaint are
repeated and realleged as if fully set forth herein.

105. Title 18, United States Code, § 981(a)(1)(C)
subjects to forfeiture:

Any property, real or personal, which
constitutes or is derived from proceeds
traceable to a violation of section . . . 1344
of this title or any offense constituting
'specified unlawful activity' (as defined in

61

section 1956(c)(7) of this title), or a
conspiracy to commit such offense.

106. Title 18, United States Code, § 1956(c)(7) defines
the term "specified unlawful activity" to mean, in relevant part,
"any act or activity constituting an offense listed in section
1961(1) of this title. . . ."  Among the specified unlawful
activity set forth in 18 U.S.C. § 1961(1) are 18 U.S.C. § 1343
(relating to wire fraud) and 18 U.S.C. § 1344 (relating to
financial institution fraud).

107. Title 18, United States Code, § 1349, provides that

Any person who attempts or conspires to commit
any offense under this chapter [including
Sections 1343 and 1344] shall be subject to
the same penalties as those prescribed for the
offense, the commission of which was the
object of the attempt or conspiracy.

108. Title 18, United States Code, § 1343, provides that

Whoever, having devised or intending to devise
any scheme or artifice to defraud, or for
obtaining money or property by means of false
or fraudulent pretenses, representations, or
promises, transmits or causes to be
transmitted by means of wire . . . in
interstate or foreign commerce, any writings,
signs, signals, pictures, or sounds for the
purpose of executing such scheme or artifice

shall be guilty of a crime.

109. Title 18, United States Code, Section 1344 provides
in relevant part that:

Whoever knowingly executes, or attempts to
execute, a scheme or artifice-

(1)  to defraud a financial institution; or

(2)  to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

shall be guilty of a crime.

110. From at least in or about 2006, up to and including on or about March 2011, in the Southern District of New York and elsewhere, Scheinberg, Bitar, Beckley, Burtnick, Tate, Ryan Lang, Bradley Franzen, Ira Rubin, and Elie, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344, and wire fraud, in violation of Title 18, United States Code, Section 1343.

111. By reason of the above, the Defendant Properties are subject to forfeiture to the United States of America pursuant to 18 U.S.C. §§ 981, 1343, 1344 and 1349.

## THIRD CLAIM FOR RELIEF

### Forfeiture Under 18 U.S.C. § 981(a)(1)(A) - Money Laundering

112. Paragraphs 1 through 97 of this Complaint are repeated and realleged as if fully set forth herein.

113. Pursuant to 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction in violation of section 1956 [or] 1957 . . . of [Title 18, relating to money

laundering offenses], or any property traceable to such property,"
is subject to forfeiture.

114. Pursuant to Title 18, United States Code, Section
1956, commonly known as the "money laundering" statute, a crime is
committed by a person who:

> (a)(1) . . . knowing that the property
> involved in a financial transaction represents
> the proceeds of some form of unlawful
> activity, conducts or attempts to conduct such
> a financial transaction which in fact involves
> the proceeds of specified unlawful activity –
>
>> (A)(i) with the intent to promote
>> the carrying on of specified
>> unlawful activity; or
>>
>> (ii) with intent to engage in conduct
>> constituting a violation of section 7201
>> or 7206 of the Internal Revenue Code of
>> 1986; or
>>
>> (B) knowing that the transaction is
>> designed in whole or in part –
>>
>> (i) to conceal or disguise the nature,
>> the location, the source, the ownership,
>> or the control of the proceeds of
>> specified unlawful activity; or
>>
>> (ii) to avoid a transaction
>> reporting requirement under State or
>> Federal law,

shall be guilty of a crime.

115. Title 18, United States Code, Section 1956 further
provides, in pertinent part, that

> (a)(2) Whoever transports, transmits, or
> transfers, or attempts to transport, transmit,
> or transfer a monetary instrument or funds
> from a place in the United States to or
> through a place outside the United States or

to a place in the United States from or
through a place outside the United States –

(A) with the intent to promote the
carrying on of specified unlawful
activity . . . .

shall be guilty of a crime.

116. Title 18, United States Code, Section 1957 provides

that:  "Whoever, [with such offense under this section taking

place in the United States] knowingly engages or attempts to

engage in a monetary transaction in criminally derived property of

a value greater than $10,000 and is derived from specified

unlawful activity," shall guilty of a crime.

117. Title 18, United States Code, Section 1956 further

provides that "[a]ny person who conspires to commit any offense

defined in this section or section 1957 shall be subject to the

same penalties as those prescribed for the offense the commission

of which was the object of the conspiracy."

118. By reason of the above, the Defendant Properties

are subject to forfeiture pursuant to Title 18, United States

Code, Section 981(a)(1)(A).

## VII.   CIVIL MONEY LAUNDERING PENALTIES

### 18 U.S.C. § 1956

119. Paragraphs 1 through 97 of this Complaint are

repeated and realleged as if fully set forth herein.

120. Pursuant to Title 18, United States Code, Section

1956(b), "[w]hoever conducts or attempts to conduct a transaction

described in subsection (a)(1) or (a)(3), or section 1957, or a transportation, transmission, or transfer described in subsection (a)(2), is liable to the United States for a civil penalty of not more than the greater of — (A) the value of the property, funds, or monetary instruments involved in the transaction; or (B) $10,000."

121. Accordingly, the Defendant Entities are liable to the Government for a sum of money representing the amount of property, funds, or monetary instruments involved in the money laundering offenses described above, in an amount that is no less than $1.5 billion for the PokerStars Entities; $1 billion for the Full Tilt Poker Entities; and $500 million for the Absolute Poker/Ultimate Bet Entities.

WHEREFORE plaintiff, the United States of America, prays:

A.    That process issue to enforce the forfeiture of the Defendant Properties and that all persons having an interest in the Defendant Properties be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Properties to the United States of America for disposition according to the law;

B.    That a money judgment be entered against the PokerStars Entities in an amount not less than $1.5 billion;

C.    That a money judgment be entered against the Full Tilt Poker Entities in an amount not less than $1 billion;

66

D.    That a money judgment be entered against the Absolute Poker/Ultimate Bet Entities in an amount not less than $500 million; and

E.    That this Court grant Plaintiff such further relief as this court may deem just and proper, together with the costs and disbursements of this action.

Dated: April 14, 2011
       New York, New York

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____

SHARON COHEN LEVIN
MICHAEL D. LOCKARD
JASON H. COWLEY
Assistant United States Attorneys
One Saint Andrew's Plaza
New York, New York 10007
Tel.: (212) 637-1060
Facsimile: (212) 637-0421

## VERIFICATION

STATE OF NEW YORK               )
COUNTY OF NEW YORK              )
SOUTHERN DISTRICT OF NEW YORK   )

      ROSEMARY KARAKA, being duly sworn, deposes and says that she is a Special Agent with the Federal Bureau of Investigation, and, as such, has responsibility for the within action; that she has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of her own knowledge, information, and belief.

      The sources of the deponent's information and the grounds for her belief are her personal knowledge and the official records and files of the United States Government.

Dated:  New York, New York
       April   , 2011

                          Rosemary Karaka
                          Special Agent
                          Federal Bureau of Investigation

Sworn to before me this
12th day of April, 2011

_____
Notary Public

**MICHAEL DENNIS LOCKARD**
**Notary Public, State of New York**
**No. 02LO6124541** Kings
**Qualified in** ~~New York County~~
**Commission Expires March 28, 20** 15

SCHEDULE A

## The Defendant Entities

1.   PokerStars,

2.   Full Tilt Poker,

3.   Absolute Poker,

4.   Ultimate Bet,

5.   Oldford Group Ltd.,

6.   Rational Entertainment Enterprises Ltd.,

7.   Pyr Software Ltd.,

8.   Stelekram Ltd.,

9.   Sphene International Ltd.,

10.  Tiltware LLC,

11.  Kolyma Corporation A.V.V.,

12.  Pocket Kings Ltd.,

13.  Pocket Kings Consulting Ltd.,

14.  Filco Ltd.,

15.  Vantage Ltd.,

16.  Ranston Ltd.,

17.  Mail Media Ltd.,

18.  Full Tilt Poker Ltd.,

19.  SGS Systems Inc.,

20.  Trust Services Ltd,

21.  Fiducia Exchange Ltd.,

22.  Blue Water Services Ltd.,

23.  Absolute Entertainment, S.A., and

24.   Blanca Games, Inc. of Antigua

### The Defendant Domains

25.   Pokerstars.com

26.   Fulltiltpoker.com

27.   Absolutepoker.com

28.   Ultimatebet.com

29.   Ub.com

### Poker Company Accounts

### The PokerStars Accounts

#### The Sphene Accounts

1.   account numbered 27351910081015 held at Credit Agricole
     (Suisse) SA, Switzerland, in the name of Sphene
     International Limited, IBAN CH8908741014319300001, and all
     funds traceable thereto;

2.   account held at Credit Agricole (Suisse) SA, Switzerland, in
     the name of Sphene (International) Limited, IBAN
     CH6208741014319300002, and all funds traceable thereto;

3.   all accounts held at Bank Hapoalim (Suisse) SA, Luxembourg,
     in the name of Sphene International, and all funds traceable
     thereto;

#### The Oldford Group Account

4.   account held at Credit Agricole (Suisse) SA, Switzerland, in
     the name of the Oldford Group Limited, IBAN
     CH1508741014093800001, and all funds traceable thereto;

### The Full Tilt Accounts

#### The Tiltware Accounts

5.   account numbered  1892947126 held at Comerica Bank, Dallas,
     Texas, in the name of Tiltware, and all funds traceable
     thereto;

6.   account numbered 1892947134 held at Comerica Bank, Dallas,

Texas, in the name of Tiltware, and all funds traceable thereto;

### The Kolyma Corporation Accounts

7.  account numbered E34512308000000007283 held at Wirecard Bank AG, Germany, in the name of Kolyma Corporation, and all funds traceable thereto;

8.  account numbered E79512308000000007249 held at Wirecard Bank AG, Germany, in the name of Kolyma Corporation, and all funds traceable thereto;

### The Ranston Accounts

9.  account held at Basler Kantonal Bank, Switzerland, in the name of Ranston Ltd., IBAN CH490077001654263375, and all funds traceable thereto;

10. account held at Basler Kantonal Bank, Switzerland, in the name of Ranston LTD, IBAN CH7000770016542254461, and all funds traceable thereto;

### The Mailmedia Account

11. account held at Basler Kantonal Bank, Switzerland, in the name of Mailmedia, numbered CH7300770252534932001, and all funds traceable thereto;

### The Vantage Accounts

12. account held at Banque Invik SA, Luxembourg, in the name of Vantage Limited, IBAN LU811944013080000USD, and all funds traceable thereto;

13. any account held at Basler Kantonal Bank, Switzerland, in the name of Vantage Ltd., and all funds traceable thereto;

### The Filco Accounts

14. account held at Allied Irish Bank in the name of Filco Ltd, IBAN IE85AIBK93006727971082, and all funds traceable thereto;

15. account held at WestLB AG, Germany, in the name of Filco Ltd, IBAN DE19512308000000007262, and all funds traceable thereto;

### The Absolute Poker Accounts

#### The Blue Water Account

16. account numbered MT23SBMT5550500000001108 held at Sparkasse Bank Malta in the name of Blue Water Services LTD, and all funds traceable thereto;

#### The Towkiro Account

17. account numbered MT14SBMT55505000000011451GAEURO held at Sparkasse Bank Malta in the name of Tokwiro Enterprises ENRG, and all funds traceable thereto;

#### The Disora Accounts

18. account numbered 61-12-9436-6 held at Banco Panameno De La Vivienda SA, Panama, in the name of Disora Investment, Inc., and all funds traceable thereto;

19. account numbered 0011271083 held at Citibank London, England, in the name of Mundial Valores, for the benefit of Disora Investment, Inc., MAM000804, and all funds traceable thereto;

#### The Rintrade Account

20. account numbered CH4308755011432400000 held at Pictet and Co., Switzerland, in the name of Rintrade Finance SA and all funds traceable thereto;

#### The Pocket Kings Accounts

21. account numbered 99045014801116 held at Bank of Scotland Ireland, Inc., Ireland, in the name of Pocket Kings Consulting LTD, and all funds traceable thereto;

22. account numbered 99022000439546 held at National Irish Bank, Ireland, in the name of Pocket Kings Ltd, and all funds traceable thereto;

23. account numbered 99022000440162 held at National Irish Bank, Ireland, in the name of Pocket Kings Ltd, and all funds traceable thereto;

24. account numbered IE58IPBS9906291390203 held at Irish Permanent Treasury, PLC, in the name of Pocket Kings, and all funds traceable thereto;

25. account numbered IE07DABA95151340074209 held at National Irish Bank in the name of Pocket Kings Limited, and all funds traceable thereto;

26. account numbered IE38DABA95151340025151 held at National Irish Bank in the name of Pocket Kings Limited, and all funds traceable thereto;

27. account numbered IE42DABA95151340062618 held at National Irish Bank in the name of Pocket Kings Limited, and all funds traceable thereto;

28. account numbered IE58IPBS99062913190203 held at Irish Permanent Treasury in the name of Pocket Kings Limited, and all funds traceable thereto;

29. account numbered IE67AIBK93208626257031 held at Allied Irish Bank in the name of Pocket Kings, and all funds traceable thereto;

30. account numbered LU621944013130000USD held at Banque Invik, Luxemburg, held in the name of Pocket Kings Limited, and all funds traceable thereto;

31. account numbered IE07DABA95151340074209 held at Danske Bank A/S, Denmark, held in the name Pocket Kings Ltd., and all funds traceable thereto.

SCHEDULE B

## Poker Processor Accounts

### The Sunfirst Bank Accounts and Related Accounts

1.  account numbered 121015408 held at Sunfirst Bank, St.
    George, Utah, in the name of Triple Seven LP d/b/a
    Netwebfunds.com, and all funds traceable thereto;

2.  account numbered 121015390 held at Sunfirst Bank, St.
    George, Utah, in the name of Triple Seven LP d/b/a A WEB
    DEBIT, and all funds traceable thereto;

3.  account numbered 27351910081015 held at Societé Generale
    Cyprus LTD, Cyprus, in the name of Golden Shores Properties
    Limited, and all funds traceable thereto;

4.  account numbered CY1211501001065983USDCACC002 held at FBME
    Bank LTD, Cyprus, in the name of Triple Seven Inc., and all
    funds traceable thereto;

5.  account numbered 5510045221 held at Wells Fargo, N.A., in
    the name of Triple Seven L.P., and all funds traceable
    thereto;

6.  account numbered 7478010312 held at Wells Fargo, N.A., in
    the name of Kombi Capital, and all funds traceable thereto;

7.  account numbered 12900584 held at Sunfirst Bank, St. George,
    Utah, formerly in the name of Sunfirst Bank ITF Powder
    Monkeys/Full Tilt, now in the name of Sunfirst Bank, and all
    funds traceable thereto;

8.  account numbered 129000576 on deposit at Sunfirst Bank, St.
    George, Utah, formerly in the name of Sunfirst Bank ITF
    Mastery Merchant/Psars, now in the name of Sunfirst Bank,
    and all funds traceable thereto;

### The Elie Accounts and Related Accounts

9.  account numbered 200003291 held at All American Bank, Des
    Plaines, Illinois, in the name of 21 Debit LLC, and all
    funds traceable thereto;

10. account numbered 200003317 held at All American Bank, Des
    Plaines, Illinois, in the name of 21 Debit LLC, and all
    funds traceable thereto;

11.  account numbered 200003325 held at All American Bank, Des
     Plaines, Illinois, in the name of 21 Debit LLC, and all
     funds traceable thereto;

12.  Account numbered 200003309 held at All American Bank, Des
     Plaines, Illinois, in the name of 21 Debit LLC, and all
     funds traceable thereto;

13.  account number 201002907 at Barclays Bank, UK in the name of
     Hotwire Financial LLC, and all funds traceable thereto;

14.  account number GB26BARC20473563472044 at Barclays Bank, UK,
     in the name of Hotwire Financial LTD, and all funds
     traceable thereto;

15.  account number 953500105 at Bank One Utah, in the name of
     4 A Consulting, and all funds traceable thereto;

16.  account number 730666271, at Whitney National Bank, New
     Orleans, Louisiana in the name of Ndeka LLC, and all funds
     traceable thereto;

17.  account number 2919208124 at Bank of America, N.A. in the
     name of Credit Capital Funding, and all funds traceable
     thereto;

18.  account numbered 32433 at New City Bank in the name of
     21Debit LLC dba PS Payments, and all funds traceable
     thereto;

19.  account numbered 32441 at New City Bank in the name of
     21Debit LLC dba FLT Payments, and all funds traceable
     thereto;

20.  account number 32506 at New City Bank in the name of 21Debit
     LLC, and all funds traceable thereto;

                 The Griting Account and Related Account

21.  account numbered 972402309 held at UMPQUA Bank, Roseburg,
     Oregon, in the name of "ULTRA SAFE PAY," and all property
     traceable thereto;

22.  account numbered 004-411-346034-838 held at Hong Kong and
     Shanghai Banking Corporation, Hong Kong, in the name of
     Griting Investments LTD, and all funds traceable thereto;

## The Vensure/Trinity Global Accounts

23. account numbered 1093 held at Vensure Federal Credit Union, Mesa, Arizona, in the name of Trinity Global Commerce Corp.

24. account numbered 1200402039 held at Banca Privada D'Andorra, Andorra, in the name of Trinity Global Commerce Corp., and all funds traceable thereto;

25. account numbered MT54SBMT55505000000016782GAUSD0 held at Sparkasse Bank Malta PLC, Malta, in the name of Trinity Global Commerce Corp., and all funds traceable thereto;

## The Terricorp Inc. d/b/a/ TLC Global Accounts and Related Accounts

26. account numbered 27554003786 held at Royal Bank of Canada, Canada, in the in the name of Terricorp Inc. d/b/a TLC Global, and all funds traceable thereto;

27. account numbered 27554003760 held at Royal Bank of Canada, Canada, in the in the name of Terricorp Inc. d/b/a TLC Global, and all funds traceable thereto;

28. account numbered 27554001038 held at Royal Bank of Canada, Canada, in the in the name of Terricorp Inc. d/b/a TLC Global, and all funds traceable thereto;

29. account numbered 27551017789 held at Royal Bank of Canada, Canada, in the in the name of Terricorp Inc. d/b/a TLC Global, and all funds traceable thereto;

30. account numbered 4800198399 held at Harris Bank, Palatine, Illinois, and all funds traceable thereto;

31. account numbered GB81RBOS16630000368036 held at the Royal Bank of Scotland in the name of Voltrex Ltd., and all funds traceable thereto;

32. account numbered 2000059819596 held at Wachovia Bank, a division of Wells Fargo Bank, N.A., in the name "Eastern Expressions," and all funds traceable thereto;

33. account numbered 104773862842 held at Bendix Foreign Exchange, Toronto, Ontario, and all funds traceable thereto.

## The G.I. Holdings Accounts

34. $231,000.00 formerly on deposit at First Republic Bank in Account numbered 80000373283, held in the name of G.I. Holdings and all property traceable thereto;

35. $124,178.72 formerly on deposit at Service 1st Bank of Nevada in Account numbered 2020003792 held in the name of G.I. Holdings and all property traceable thereto;

36. $2,057,620.28 formerly on deposit at Wells Fargo Bank in Account numbered 5383346862 held in the name of G.I. Holdings and all property traceable thereto;

37. $3,055,108.21 formerly on deposit at Citibank in account numbered 203023239 held in the name of G.I. Holdings and all property traceable thereto;

38. $784,160.95 formerly on deposit at Citibank in account numbered 203118542 held in the name of G.I. Holdings and all property traceable thereto;

39. $1,000.00 formerly on deposit at Citibank in account numbered 203118559 held in the name of G.I. Holdings and all property traceable thereto;

40. $925.00 formerly on deposit at Citibank in account numbered 203118575 held in the name of G.I. Holdings and all property traceable thereto;

41. $1,035,415.44 formerly on deposit at Nevada  Commerce Bank in account numbered 0021002712 held in the name of G.I. Holdings and all property traceable thereto;

42. $122,308.78 formerly on deposit at Nevada Commerce Bank in account numbered 0021002795 held in the name of G.I. Holdings and all property traceable thereto;

43. $3,029,711.94 formerly on deposit at City National Bank in Account Number 3701177950, held in the name of G.I. and all property traceable thereto;

## The SNR Inc. Accounts

44. $30.27 formerly on deposit at Huntington National Bank in Account numbered 01662184444. held in the name of SNR, Inc. and all property traceable thereto;

4

45. $1,057,797.29 formerly on deposit at Huntington National Bank in account numbered 01662184457 held in the name of SNR, Inc. and all property traceable thereto;

46. $649,261.20 formerly on deposit at Huntington National Bank in Account numbered 01662191343 held in the name of SNR, Inc. and all property traceable thereto;

47. $199,175.14 formerly on deposit at Bank of West in account numbered 658049382 held in the name of SNR, Inc. and all property traceable thereto;

48. $4,925.00 formerly on deposit at Bank of America in account numbered 0952071585 held in the name of SNR, Inc. and all property traceable thereto;

49. $25.00 formerly on deposit at Bank of America account numbered 0952071603, held in the name of SNR, Inc. and all property traceable thereto;

50. $992,499.53 formerly on deposit at Citibank in Account numbered 203366638 held in the name of  SNR, Inc. and all property traceable thereto;

51. $865,000.00 formerly on deposit at Bank of America in account numbered 0952071467, held in the name of SNR, Inc. and all property traceable thereto;

### The Viable Marketing Accounts

52. $410,449.93 formerly on deposit at Bank of America Account numbered 229006067857 held in the name of Viable Marketing Corp. and all property traceable thereto;

53. $8,168,168.89 formerly on deposit at Fifth Third Bank in Account numbered 7431859508, held in the name of Viable Marketing Corp. and all property traceable thereto;

54. $40,960.86 formerly on deposit at Fifth Third Bank in Account numbered 7432618069, held in the name of Viable Marketing Corp. and all property traceable thereto;

### The Viable Processing Solutions Accounts

55. All funds formerly on deposit at National Bank of California in account numbered 2547716 in the name of Viable Processing Solutions, and all property traceable thereto;

56. All funds formerly on deposit at National Bank of California in Account Number 2778815 held in the name of Viable Processing Solutions, and all property traceable thereto;

### The ASP Consultants, LLC Accounts

57. $447,196.79 from account numbered 804815470 in the name of ASP Consultants, LLC at JPMorgan and all property traceable thereto;

58. $12,642.44 from account numbered 804815488 in the name of ASP Consultants, LLC at JPMorgan and all property traceable thereto;

59. $4,472.58 from account numbered 822823779 in the name of ASP Consultants, LLC at JPMorgan and all property traceable thereto;

60. $84.21 from account numbered 822824025 in the name of ASP Consultants, LLC at JPMorgan and all property traceable thereto;

61. $6,047.84 from account numbered 822824140 in the name of ASP Consultants, LLC at JPMorgan and all property traceable thereto;

62. $17,460.95 from account numbered 1003245502 in the name of ASP Consultants, LLC at JPMorgan and all property traceable thereto;

### The LST Financial Accounts

63. All funds formerly on deposit at Four Oaks Bank and Trust Company, Four Oaks, North Carolina, in account numbered 520055501, held in the name of LST Financial, and all property traceable thereto;

64. All funds formerly on deposit at Four Oaks Bank and Trust Company, Four Oaks, North Carolina, in account numbered 520057101, held in the name of LST Financial, and all property traceable thereto;

65. All funds formerly on deposit at Four Oaks Bank and Trust Company, Four Oaks, North Carolina, in account numbered 520064401, held in the name of LST Financial, and all property traceable thereto;

66. All funds formerly on deposit at Four Oaks Bank and Trust Company, Four Oaks, North Carolina, in account numbered

520065201, held in the name of LST Financial, and all
property traceable thereto;

67. All funds formerly on deposit at Four Oaks Bank and Trust
Company, Four Oaks, North Carolina, in account numbered
520069501, held in the name of LST Financial, and all
property traceable thereto;

### The EZO Account

68. $33,743.75 formerly on deposit at Bank of America Account
numbered 003678667131 held in the name of EZO, LLC and all
property traceable thereto;

### The Autoscribe Account

69. $8,018.04 from Bank Account numbered 9105709543 in the name
of Autoscribe Corporation at Citibank, N.A. and all property
traceable thereto;

### The MAS Inc. Account

70. All funds formerly on deposit at Hawaii National Bank,
Honolulu, Hawaii, in account numbered 12008656, held in the
name of "MAS Inc.", and all property traceable thereto.