```
PREET BHARARA
United States Attorney for the
Southern District of New York
By:  SHARON COHEN LEVIN
     MICHAEL D. LOCKARD
     JASON H. COWLEY
     Assistant United States Attorneys
     One St. Andrew's Plaza
     New York, New York 10007
     Telephone: (212) 637-1060/2193/2479
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,            :

          Plaintiff,                 :
                                           11 Civ. 2564 (LBS)
          - v. -                     :

POKERSTARS, FULL TILT POKER,         :
ABSOLUTE POKER, ULTIMATE BET, et     
al.,                                 :

          Defendants;                :

ALL RIGHT, TITLE AND INTEREST IN     :
THE ASSETS OF POKERSTARS, FULL
TILT POKER, ABSOLUTE POKER,          :
ULTIMATE BET, et al.,
                                     :
          Defendants-in-rem.
                                     :
- - - - - - - - - - - - - - - - - -x

## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

The Government respectfully submits this Memorandum of Law in support of its motion, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file the First Amended Verified Complaint, attached to the accompanying Declaration of Michael D. Lockard ("Lockard Decl.") as Exhibit A (the "Amended Complaint" or "Am. Compl."). The Amended Complaint adds

additional allegations, claims, and defendants concerning a fraudulent scheme by Full Tilt Poker and its Board of Directors concerning the misuse of players' funds.  (Am. Compl. ¶¶ 5-8, 99-120).

## BACKGROUND

This action was commenced on April 14, 2011, with the filing of a sealed verified Complaint ("the complaint" or "Compl.") seeking the forfeiture of all assets of PokerStars, Full Tilt Poker, Absolute Poker, and Ultimate Bet (together with their respective operating companies, the "Poker Companies," and their assets, the "Poker Company Properties") as well as various accounts held by the Poker Companies' payment processors and funds traceable thereto (the "Poker Processors," and their accounts, the "Processor Properties") pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and (a)(1)(C) and 1955(d).  (Compl. ¶¶ 1-4, 7, 98-118).  The complaint also seeks civil money laundering penalties against the Poker Companies pursuant to Title 18, United States Code, Section 1955(b). (Compl. ¶¶ 6, 8, 119-121).

The complaint alleges that, from at least in or about November 2006 through in or about April 2011, the Poker Companies and their principals operated unlawful online gambling businesses in the United States using servers and personnel located overseas, conspired with Poker Processors to defraud United

States banks into processing payments in connection with unlawful online gambling, and conspired to launder these funds.  (Compl. ¶¶ 1-4, 24-42).

The complaint was unsealed on April 15, 2011, the same date that an Indictment charging various principles and founders of the Poker Companies, Poker Processors, and the president of a bank with wire fraud, bank fraud, and unlawful gambling offenses was unsealed, along with a temporary restraining order against various bank accounts for the Poker Companies and Poker Processors.  (Am. Compl. ¶¶ 9, 12, 14).  An Arrest Warrant In Rem was also issued for the domain names used by the Poker Companies.  (Id. ¶ 13).  Pursuant to the procedures set out in Rule 4 of the Federal Rules of Civil Procedure, the in personam defendants have waived service of the complaint (see docket entries 42, 43, 44); and notice of the complaint has been provided to potential claimants and has been published on the government forfeiture website, www.forfeiture.gov, pursuant to Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims.

Certain claims have been filed (docket entries 15, 19, 20, 37) and the time for other potential claimants to file a claim and to respond to the complaint has been extended by Court order until September 30, 2011.  (see docket entries 26, 27, 28, 39, 45, 46, 47).  One answer has been filed in this action, by Adam Webb, who claims to have funds on deposit in online gambling

accounts with Full Tilt Poker and Absolute Poker.  (Docket entries 37 & 41).

The Amended Complaint alleges that one of the Poker Companies, Full Tilt Poker, not only engaged in the operation of an unlawful gambling business, bank fraud, wire fraud, and money laundering as alleged in the Complaint, but also defrauded its poker players by misrepresenting to players that funds deposited into their online player accounts were secure and segregated from operating funds, while at the same time using player funds to pay out hundreds of millions of dollars to Full Tilt Poker owners. Full Tilt Poker was able to accomplish this massive fraud, in part, because it illegally conducted business in the United States but maintained its personnel, operations, assets, and accounts principally overseas.  (Am. Compl. ¶ 5).

The Amended Complaint further alleges that, in or about the summer of 2010, Full Tilt Poker's payment processing channels were so disrupted that the company faced increasing difficulty attempting to collect funds from players in the United States. Rather than disclose this fact, Full Tilt Poker simply credited players' online gambling accounts with money that had never actually been collected from the players' bank accounts.  Full Tilt Poker allowed players to gamble with -- and lose to other players -- this phantom money that Full Tilt Poker never actually collected or possessed.  When other players won these phantom

4

funds, their accounts were credited with money that Full Tilt Poker did not actually possess, but now nevertheless owed to these players.  As a result, Full Tilt Poker soon developed a massive shortfall between the money owed to United States players and the money actually collected from United States players, with Full Tilt Poker having credited approximately $130 million in phantom money to U.S. players' online accounts that was never actually collected from players' bank accounts.  Full Tilt Poker never disclosed this shortfall to the public.  (Am. Compl. ¶ 6).

The Amended Complaint further alleges that, as of March 31, 2011, Full Tilt Poker owed approximately $390 million to players around the world, including approximately $150 million owed to players in the United States.  At that time Full Tilt Poker had only approximately $60 million on deposit in its bank accounts.  As of the filing of this Amended Complaint, Full Tilt Poker still owes players over $300 million.  (Am. Compl. ¶ 7).

The Amended Complaint alleges that, meanwhile, from approximately April 2007 until April 2011, Full Tilt Poker, and its Board of Directors, Bitar, Howard Lederer ("Lederer"), Christopher Ferguson, a/k/a "Jesus" ("Ferguson"), and Rafael Furst ("Furst"), all owners of Full Tilt Poker, distributed approximately $443,860,529.89 to themselves and other owners of the company.  Payments to the Full Tilt Poker owners stopped only after April 15, 2011.  (Am. Compl. ¶ 8; see also id. ¶¶ 99-120).

The Amended Complaint seeks civil money laundering penalties against Bitar, Lederer, Ferguson, and Furst, as well as the forfeiture of funds paid to those individuals from Full Tilt Poker.  (Am. Compl. ¶¶ 151-157, 161).

## **DISCUSSION**

Rule 15 of the Federal Rules of Civil Procedure provides that, after 21 days have passed from the filing of a responsive pleading, a party may amend its pleading with written consent of the opposing party or with the Court's leave.  Fed. R. Civ. P. 15(a)(1)(B), (a)(2).  The Rule provides that "The court should freely give leave when justice so requires." Id.  Unless there has been "undue delay, fad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility," leave to amend should be granted.  Monahan v. N.Y. City Dept. Corrections, 214 F.3d 275, 285 (2d Cir. 2000).

Leave for the Government to file the Amended Complaint should be granted.  But for a single answer, filed by an online poker player, no other party has answered or otherwise responded to the Complaint.  The time for other potential claimants, including the Poker Companies, to file claims and to respond to the Complaint has not yet run, no discovery has been conducted, and this motion and proposed Amended Complaint are being brought within a few months of the unsealing of the original complaint and the related Indictment.  Accordingly, leave to amend should

be granted.  A proposed order is attached as Exhibit B to the Lockard Declaration for the Court's consideration.

## CONCLUSION

For the reasons set forth above, the Court should enter an order granting the United States leave to file the First Amended Verified Complaint.

Dated:     New York, New York
           September 19, 2011

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the Plaintiff
                              United States of America


                         By: _____/s/_____
                              Sharon Cohen Levin
                              Michael D. Lockard
                              Jason H. Cowley
                              Assistant United States Attorneys
                              Telephone: (212) 637-1060/2193/2479