**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,                 **11 CIV 2564 (LBS)**

                        Plaintiff,

                                          **VERIFIED CLAIM**
        v.                                **OF CARDROOM**
                                          **INTERNATIONAL, LLC**

POKERSTARS; FULL TILT POKER; ABSOLUTE
POKER; ULTIMATE BET, *et al.*

                        Defendants.
-------------------------------------------------------------------X

        PLEASE TAKE NOTICE that CARDROOM INTERNATIONAL, LLC., a Florida

limited liability company, with an address of 4500 Biscayne Blvd., Penthouse North, Miami,

Florida 33137 ("Claimant"), pursuant to 18 U.S.C. § 983(a)(4) and Rule G(5)(a), Supplemental

Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, by and through its

attorneys, hereby asserts ownership interest in, and makes a claim upon, the following property

identified in the above-captioned case in the amount of thirty million dollars ($30,000,000.00)

(items numbered 1-7 below collectively referred to as "Defendant Funds"):

1.  All funds and other property on deposit and/or formerly on deposit in account numbered

    GB81 RBOS 6095 4234 0877 66 held at NatWest, in the name of Raymond Bitar, and all

    funds traceable thereto;

2.  All funds and other property on deposit and/or formerly on deposit in account numbered

    7655741861 held at Wells Fargo Bank N.A. in the name of HH Lederer Consulting LLC,

    and all funds traceable thereto; and

3. All funds and other property on deposit and/or formerly on deposit in account numbered GB56LOYD30166314010402 held at Loyds TSB International, Isle of Mann, in the name of Howard Lederer, and all funds traceable thereto;

4. All funds and other property on deposit and/or formerly on deposit in account numbered 40039049628 held at Citibank N.A., in the name of Chris Ferguson, and all funds traceable thereto;

5. All funds and other property on deposit and/or formerly on deposit in account numbered CH87 0875 5057 0684 0010 0 held at Pictet & Co Bankers, Switzerland, in the name of Telamonian Ajax Trust, and all funds traceable thereto;

6. All other property that has been seized or will be seized in this proceeding at any time, directly from and/or related to, a) defendant Pokerstars and any related defendant(s) and, b) defendant Full Tilt Poker and any related defendant(s), pursuant to the Complaint filed in this matter, 11 Civ. 2564 (LBS) on April 20, 2011 and the First Amended Complaint filed in this matter, 11 Civ. 2564 (LBS) on September 21, 2011; and

7. All funds identified in the original forfeiture complaint in this action unsealed on April 15, 2011 to the extent such funds are traceable to the activities of the pokersars.com and fulltiltpoker.com internet cardroom, but no claim is made to the extent the funds are tradable to the absolutepoker.com internet cardroom

CARDROOM INTERNATIONAL, LLC., claims a right, title and interest in the above identified Defendant Funds based on damages suffered as a result of defendants' (referred to in the Complaint filed in this matter, 11 Civ. 2564 (LBS) on April 20, 2011 and the First Amended Complaint filed in this matter, 11 Civ. 2564 (LBS) on September 21, 2011) violation of, inter alia, the Racketeer Influenced and Corrupt Organization Act, which has caused damage to

2

CARDROOM INTERNATIONAL, LLC., in an amount of no less than thirty million dollars ($30,000,000.00). A lawsuit is being filed today, September 30, 2011, simultaneously herewith in the Santa Monica Division of the Superior Court of California, and Claimant desires to satisfy the inevitable judgment out of the Defendant Funds.

Further, CARDROOM INTERNATIONAL, LLC, claims a right, title and interest in the above identified Defendant Funds based on the fact that the accounts seized which comprise the Defendant Funds constitute substitute or fungible property subject to the one year statute of limitations of 18 USC Section 1984. In particular, the amounts seized from the accounts of Chris Ferguson, Howard Lederer, Ray Bitar and Rafe Furst cannot be effectively traced to any specific criminal activity violating the laws of the United States, as they are the intermixed proceeds of fraudulent activity lasting many years in violation of the laws of the United States, combined with proceeds of legal foreign wagering and other legal activities. Accordingly the Defendant Funds constitute substitute or fungible property the statute of limitations for which is one year. The claim of the United States is limited to the gross proceeds of the activities occurring a year before the relevant versions of the civil forfeiture complaints was filed. All excess amounts seized—that is to say amounts in excess of the proceeds of the crimes arising one year prior to the date of filing of the sealed complaint or first amended complaint—should be made available to creditors of the named Defendants.

All of the proceeds of illegal activities are the funds of innocent victims of these Defendants, which victims who have committed no crime. To the extent that claims are made against such funds by bona fide players, the Defendant Funds should be returned to the players by the United States, and no deduction or offset should be made as to excess funds seized due to the return of funds otherwise forfeitable to the United States to their rightful owners.

3

The property should continue to be held and not released to the United States until all criminal claims have been finally adjudicated or until Claimant's lawsuit reaches a judgment.

All funds seized which the United States cannot demonstrate arise from illegal activities specified in 18 USC Section 981 within one year of the relevant date should be given to Claimant in the amount of 30 million dollars or the sum of judgments obtained against any of the named Defendants, whichever amount is less.

Claimant reserves the right to amend or supplement the within claim upon the availability of additional information.

Dated: September 30, 2011

Respectfully submitted,

Jason M. Zegans (JM 9482)
The Zegans Law Group, PLLC
276 Fifth Avenue, Suite 404
New York, New York 10001
(646) 755-8732

&

/s/ Robert J. Hantman
Robert J. Hantman (RH 3947)
Hantman & Associates
1515 Broadway, 11th Floor
New York, New York 10036
(212) 684-3933

*Attorneys for Claimant Cardroom International, LLC*

## VERIFICATION

Roger A. Baumann, manager and authorized representative of claimant Cardroom International, LLC, hereby declares under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

CARDROOM INTERNATIONAL, LLC

_____
Roger A. Baumann
Manager

Sworn to before me this
30th Day of September, 2011.

_____
Notary Public

Jason Zegans
Notary Public State of New York
No. 02ZE6161190
Certified in New York County
Term expires February 20, 2015

4

<u>CERTIFICATE OF SERVICE</u>

I, Zachary A. Kozak, hereby certify that on September 30, 2011, I caused a true and

correct copy of the foregoing claim of Cardroom International, LLC to be served via ECF on all

attorneys of record in this case.

Zachary A. Kozak