```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,
Plaintiff,
- v. -
POKERSTARS; FULL TILT POKER;
ABSOLUTE POKER; ULTIMATE BET;
OLDFORD GROUP LTD.; RATIONAL
ENTERTAINMENT ENTERPRISES LTD.;
PYR SOFTWARE LTD.; STELEKRAM LTD.;
SPHENE INTERNATIONAL LTD.;
TILTWARE LLC; KOLYMA CORPORATION
A.V.V.; POCKET KINGS LTD.; POCKET
KINGS CONSULTING LTD.; FILCO LTD.;
VANTAGE LTD.; RANSTON LTD.; MAIL
MEDIA LTD.; FULL TILT POKER LTD.;
SGS SYSTEMS INC.; TRUST SERVICES
LTD; FIDUCIA EXCHANGE LTD.; BLUE
WATER SERVICES LTD.; ABSOLUTE
ENTERTAINMENT, S.A.; and BLANCA
GAMES, INC. OF ANTIGUA; RAYMOND
BITAR; HOWARD LEDERER; CHRISTOPHER
FERGUSON, a/k/a "JESUS;" and
RAFAEL FURST,
                            Defendants;


and

ALL RIGHT, TITLE AND INTEREST IN
THE ASSETS OF POKERSTARS; FULL
TILT POKER; ABSOLUTE POKER;
ULTIMATE BET; OLDFORD GROUP LTD.;
RATIONAL ENTERTAINMENT ENTERPRISES
LTD.; PYR SOFTWARE LTD.; STELEKRAM
LTD.; SPHENE INTERNATIONAL LTD.;
TILTWARE LLC; KOLYMA CORPORATION
A.V.V.; POCKET KINGS LTD.; POCKET
KINGS CONSULTING LTD.; FILCO LTD.;
VANTAGE LTD.; RANSTON LTD.; MAIL
MEDIA LTD.; FULL TILT POKER LTD.;
SGS SYSTEMS INC.; TRUST SERVICES
LTD; FIDUCIA EXCHANGE LTD.; BLUE
WATER SERVICES LTD.; ABSOLUTE
ENTERTAINMENT, S.A.; and BLANCA
GAMES, INC. OF ANTIGUA; INCLUDING
BUT NOT LIMITED TO THE PROPERTIES
```

Case No.: 11-Civ-2564 (LBS)

```
LISTED IN SCHEDULE A, SUCH AS BUT
NOT LIMITED TO THE DOMAIN NAMES
POKERSTARS.COM; FULLTILTPOKER.COM;
ABSOLUTEPOKER.COM;
ULTIMATEBET.COM; and UB.COM;
ALL RIGHT, TITLE, AND INTEREST IN
THE PROPERTIES LISTED IN SCHEDULE
B; and ALL RIGHT, TITLE, AND
INTEREST IN THE PROPERTIES LISTED
IN SCHEDULE C,
                        Defendants-in-rem.
:
:
:
:
:
:
- - - - - - - - - - - - - - - - -x
```

## VERIFIED ANSWER AND COUNTERCLAIM OF CLAIMANT STEVE SEGAL ON BEHALF OF A CLASS TO VERIFIED COMPLAINT

**TO THE HONORABLE COURT:**

Claimant Steve Segal ("Claimant"), on behalf of himself and similarly situated U.S. Poker Players who lost access to their Full Tilt Poker accounts on April 15, 2011, (the "Class") by his attorneys, responds with his Verified Answer and Counterclaim to the Verified First Amended Complaint.  Claimant denies all allegations except to the extent admitted or otherwise answered and respectfully alleges as follows:

1.      Claimant admits the allegations to the extent that PokerStars, Full Tilt Poker and Absolute Poker/Ultimate Bet (the "Poker Companies") were the three leading internet poker companies doing business in the U.S. from approximately November 2006 until approximately April 2011.  Claimant further admits that U.S. banks were unwilling to process payments for Full Tilt Poker and thus, Full Tilt Poker utilized fraudulent

methods to avoid the restrictions of the banks and receive funds from the U.S. residents who gambled through the Full Tilt Poker. Claimant denies all other allegations regarding Full Tilt Poker or any associated entity or affiliated person in paragraph and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "1".

2.      Claimant admits the allegations to the extent that Raymond Bitar ("Bitar") and Nelson Burtnick ("Burtnick") were the principals of Full Tilt Poker and engaged in a pattern of deception against U.S. banks and financial institutions allowing them to process payments for Full Tilt Poker by receiving funds from U.S. players disguised as payments to non-existent online merchants. Claimant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "2".

3.      Claimant admits the allegations to the extent that Bitar, Burtnick, and Full Tilt Poker relied on highly compensated third party processors including Ira Rubin ("Rubin") and Chad Elie ("Elie") and the deceptive practices utilized by these third party processors in lying to U.S. banks about the transactions being processed and covering up the misrepresentations through the creation of phony front companies. Claimant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "3".

4.      Claimant admits the allegations to the extent that there was a coordination of efforts by Bitar, Burtnick, and Full Tilt Poker along with the third party processors to deceive U.S. banks and financial institutions into processing the funds of U.S. players. Claimant further admits that there was a practice of players being charged a "rake" on hands played online through Full Tilt Poker. Claimant denies knowledge or information

sufficient to form a belief as to the truth of the remainder of the allegations in paragraph "4".

5. Claimant admits the allegations to the extent that Full Tilt Poker engaged in bank fraud, wire fraud, money laundering, and the defrauding of the U.S. Players by misrepresenting that funds deposited into their online player accounts were secure and segregated from operating funds while at the same time using the player funds to pay hundreds of millions of dollars to Full Tilt Poker owners. Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding the extent of Full Tilt Poker's presence overseas and denies all other allegations pertaining to Full Tilt Poker in paragraph "5".

6. Claimant admits the allegations to the extent that in approximately the summer of 2010, Full Tilt Poker's payment processing channels were so disrupted that the Company faced increased difficulty in collecting funds from U.S. Players. Claimant denies knowledge or information sufficient to form a belief as to the truth of remaining allegations in paragraph "6".

7. Claimant admits the allegations to the extent of the amount owed to U.S. Players by Full Tilt Poker. Claimant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "7".

8. Claimant admits the allegations to the extent that Full Tilt Poker and its Board of Directors, Bitar, Howard Lederer ("Lederer"), Christopher Ferguson ("Ferguson") and Rafael Furst ("Furst") distributed $443,860,529.89 to themselves, as owners of the Company, and other owners of the Company. Claimant denies knowledge

4

or information sufficient to form a belief as to the truth of remaining allegations in paragraph "8".

9.     Claimant admits the return of the Grand Jury Indictment on or about March 10, 2011, as alleged in paragraph "9".

Claimant admits paragraph "10" to the extent that the action was commenced on or about April 14, by the filing of a sealed Complaint

10.     Claimant admits paragraph "10" to the extent that the action was commenced on or about April 14, 2011, by filing of a sealed Complaint and sought civil monetary penalties from the Poker Companies and affiliated entities and persons.

11.     Claimant admits Paragraph "11" to the extent that the Complaint sought the relief explained.

12.     Claimant admits paragraph "12" to the extent that a restraining order was issued on or about April 15, 2011.

13.     Claimant admits paragraph "13" to the extent that an arrest warrant *in rem* was issued on or about April 15, 2011.

14.     Claimant admits paragraph "14" to the extent that that the Indictment, Restraining Order and Complaint were unsealed on or about April 20, 2011.

15.     Claimant admits that there was an agreement between the U.S. and Full Tilt Poker allowing Full Tilt Poker to utilize its domain name for continued international service and to repay its U.S. Players, whose funds were in Player Accounts as alleged in paragraph "15".

16.     Claimant admits the allegations to the extent that the U.S. is seeking

additional penalties and forfeitures other than as appeared in the initial Complaint. Denies all other allegations contained in paragraph "16".

  17. The statements contained in paragraph "17" constitute a legal conclusion.

  18. The statements contained in paragraph "18" constitute a legal conclusion.

  19. The statements contained in paragraph "19" constitute a legal conclusion.

  20. The statements contained in paragraph "20" constitute a legal conclusion.

  21. Claimant denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph "21".

  22. Claimant admits the allegations to the extent that Full Tilt Poker was formed in approximately 2004 as an internet poker company, that Full Tilt Poker provided real-money gambling over the internet to U.S. Players through its website, the execution of Full Tilt Poker's business through several privately held corporations and entities as provided in paragraph "22", and the significant market share that Full Tilt Poker held in March 2011.  Denies all other allegations contained in paragraph "22".

  23. Claimant admits all allegations in paragraph "23" as true.

  24. Claimant denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph "24".

  25. Claimant admits the allegations to the extent they concern Full Tilt Poker and the business relationships between Full Tilt Poker and Burtnick.  Claimant denies knowledge or information sufficient to form a belief as to the truth of remaining allegations in paragraph "25".

  26. Claimant denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph "26".

27.     Claimant admits the allegations to the extent that Full Tilt Poker, Bitar, and Burtnick utilized the assistance of Ryan Lang ("Lang") in identifying payment processors, who would process payments from U.S. Players for Full Tilt Poker.  Claimant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "27".

28.     Claimant admits the allegations to the extent they concern Full Tilt Poker, Bitar, and Burtnick utilizing the assistance of Bradley Franzen ("Franzen") to identify payment processors, who would process payments from U.S. Players.  Claimant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "28".

29.     Claimant admits the allegations to the extent they concern Full Tilt Poker and the use of Ruben to process payments for Full Tilt Poker from U.S. Players by disguising them as payments to phony internet merchants.  Claimant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "29".

30.     Claimant admits the allegations to the extent that Full Tilt Poker utilized the assistance of Elie, among others, in opening bank accounts from which Full Tilt Poker received payments from U.S. Players.  Claimant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "30".

31.     Claimant denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph "31".

32.     Claimant admits the allegations to the extent that the U.S. enacted the

Unlawful Internet Gambling Enforcement Act ("UIGEA") on approximately October 13, 2006, and several internet gambling companies terminated their operations in the U.S. All other statements contained in paragraph "32" constitute legal conclusions.

33.     Claimant admits the allegations to the extent that following the passage of UIGEA, Full Tilt Poker issued statements indicating that it would still offer gambling on internet poker in the United States.  Claimant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "33".

34.     Claimant admits insofar as the unwillingness of U.S. Banks to permit Full Tilt Poker to open bank accounts in the U.S. to receive proceeds from U.S. Players and the actions taken by Full Tilt Poker, Bitar, and Burtnick to deceive U.S. Banks into processing these transactions.  Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations against Scheinberg, Tom, Beckley, and Tate.  All other statements contained in paragraph "34" regarding Full Tilt Poker entities or affiliated persons are denied by Claimant.

35.     Claimant admits all allegations contained in paragraph "35" as true.

36.     Claimant admits the allegations as to the actions of Bitar, Burtnick, and Full Tilt Poker in circumventing the Visa and MasterCard regulations and deceiving U.S. Banks into authorizing transactions by disguising the transactions.  Claimant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "36".

37.     Claimant admits the allegations as to the use of phony or "front" companies by Bitar, Burtnick, and Full Tilt Poker as a strategy to deceive Visa, MasterCard, and U.S. banks, the involvement of Bitar and Burtnick in the creation of

phony companies, and the creation of such fictitious companies in advance should Visa

or MasterCard shut down one currently in use. Claimant denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in

paragraph "37".

38.     Claimant admits the allegations as to the involvement of Bitar, Burtnick,

and Full Tilt Poker in the development of "store-valued cards" – or pre-paid debit or

phone cards - that could contain funds from a U.S. Player's credit card without triggering

a violation of the Visa or MasterCard restrictions. Further, Claimant admits the creation

of phony websites and consumer reviews by Bitar, Burtnick, and Full Tilt Poker for the

store-valued cards for the purposes of deceiving the credit card companies and U.S.

Banks. Claimant denies knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in paragraph "38".

39.     Claimant admits the allegations as to the attempts of Visa and

MasterCard to deny transactions from Full Tilt Poker. Further, Claimant admits the

inconsistent results that stemmed from the deceptive actions of Bitar, Burtnick, and Full

Tilt Poker. Further, Claimant admits Bitar, Burtnick, and Full Tilt Poker worked on and

developed a method of processing payments through fraudulent e-check processing.

Claimant denies knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph "39".

40.     Claimant admits the allegations as to the statements regarding the

Automated Clearinghouse ("ACH") system administered by the Federal Reserve, which

allowed for e-checking, and the increased emphasis that Bitar, Burtnick and Full Tilt

Poker placed on the use of e-checks for the payment system. Claimant denies knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "40".

41.     Claimant admits the allegations as to the statements pertaining to the ACH requirement that a merchant open a processing account at a U.S.-based Originating Depository Financial Institution ("ODFI") and the use of third-party processors by Bitar, Burtnick, and Full Tilt Poker to open bank accounts and process the e-check transactions on behalf of Full Tilt Poker.  Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to any other party named in paragraph "41".  All other allegations contained in paragraph "41" against Full Tilt Poker are denied.

42.     Claimant admits the allegations to the extent that Bitar, Burtnick, and Full Tilt Poker relied on various middlemen to connect Full Tilt Poker with e-check processors and Bitar, Burtnick, and Full Tilt Poker entered into agreement with e-check processors, which paid the payment processors lucrative fees.  Further, Claimant admits that Bitar, Burtnick, and Full Tilt Poker worked in collaboration with the e-check processors to disguise the transactions.  Claimant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "42".

43.     The Claimant will address paragraph "43" on each individual allegation contained in each subparagraph:

        a.  Claimant admits the allegations to the extent that e-check processors opened accounts with U.S.-based ODFI banks in order to access the ACH system for Full Tilt Poker and both specific and unspecific misrepresentations were made by the e-check processors to the banks

in connection with the Full Tilt Poker accounts.  Claimant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "43a".

b.  Claimant admits the allegations to the extent of Bitar, Burtnick, and Full Tilt Poker's efforts with the e-check processors to create dozens of phony corporations and corresponding websites.  Claimant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "43b".

c.  Claimant admits the allegations to the extent that Bitar, Burtnick, and Full Tilt Poker's involvement in the creation and coordination of phony and front companies along with the e-check processors. Further, Claimant admits the results of the e-checking process when a phony merchant was being utilized in place of Full Tilt Poker in the transaction.  Claimant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "43c".

d.  Claimant admits all allegations contained in paragraph "43d" as true.

e.  Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph "43e".

44.  Claimant admits the allegations to the extent that Bitar, Burtnick, and Full Tilt Poker were involved with multiple e-check processors.  Claimant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph "44" on p. 27.  Claimant will address each subparagraph as follows:

11

    a.  Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "44a".

    b.  Claimant admits the allegations to the extent that Bitar, Burtnick and Full Tilt Poker were involved with Elie for payment processing purposes. Claimant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "44b".

    c.  Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "44c".

    d.  Claimant admits the allegations to the extent that Bitar, Burtnick, and Full Tilt Poker were involved with an Arizona payment processor with ties to Lang. Claimant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "44d".

    e.  Claimant admits the allegations to the extent that Bitar, Burtnick, and Full Tilt Poker were involved with Rubin and his various related entities for the purpose e-check processing. Claimant denies knowledge sufficient to form a belief as to the truth of the remaining allegation in paragraph "44e".

45.    Claimant admits the allegations of Bitar, Burtnick, and Full Tilt Poker's exploration of transparent processors and continued use of disguised payment processing transactions. Claimant denies knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph "45".

46.     Claimant admits the allegations to the extent that Bitar, Burtnick, and Full Tilt Poker reached out to Lang, Franzen, and Elie in an attempt to find transparent processors.  Claimant denies knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph "46".

47.     Claimant admits the allegations to the extent that Full Tilt Poker had difficulty in identifying transparent processors and Elie managed to persuade smaller banks with the promises of larger fees than the norm and a large investment from Elie and his associates to process the payments of Full Tilt.  Claimant denies knowledge sufficient to form a belief as to the truth of the allegations pertaining to any other individual or entity.  Claimant denies any other allegation pertaining to Full Tilt Poker or any associated entity or affiliated person in paragraph "47".

48.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "48".

49.     Claimant admits the allegations to the extent they concern SunFirst Bank processing payments for Full Tilt Poker.  Claimant denies any knowledge sufficient to for a belief as to the truth of the remaining allegations in paragraph "49".

50.     The claimant will address paragraph "50" on each individual allegation contained in each subparagraph:

        a.   Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in subparagraph "50a".

        b.   Claimant admits insofar as the allegations pertain to the electronic transfer of funds from a gambler located in the Southern District of New York to Full Tilt Poker.  Claimant denies knowledge sufficient to

13

form a belief as to the truth of the remaining allegations in
subparagraph "50b".

c.  Claimant denies knowledge or information sufficient to form a belief
as to the truth of the allegations in subparagraph "50c".

d.  Claimant denies knowledge or information sufficient to form a belief
as to the truth of the allegations in subparagraph "50d".

e.  Claimant denies knowledge or information sufficient to form a belief
as to the truth of the allegations in subparagraph "50e".

f.  Claimant denies knowledge or information sufficient to form a belief
as to the truth of the allegations in subparagraph "50f".

g.  Claimant denies knowledge or information sufficient to form a belief
as to the truth of the allegations in subparagraph "50g".

h.  Claimant denies knowledge or information sufficient to form a belief
as to the truth of the allegations in subparagraph "50h".

i.  Claimant denies knowledge or information sufficient to form a belief
as to the truth of the allegations in subparagraph "50i".

j.  Claimant denies knowledge or information sufficient to form a belief
as to the truth of the allegations in subparagraph "50j".

k.  Claimant denies knowledge or information sufficient to form a belief
as to the truth of the allegations in subparagraph "50k".

l.  Claimant admits all allegations contained in subparagraph "50l" as
true.

51.    Claimant admits all allegations contained in paragraph "51" as true.

52.     Claimant admits all allegations contained in paragraph "44" on p. 36 along with all attached subparagraphs as true.

53.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "52".

54.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "53".

55.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "54".

56.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "55".

57.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "56".

58.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "57".

59.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "58".

60.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "59".

61.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "60".

62.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "61".

63.     Claimant denies knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph "62".

64.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "63".

65.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "64".

66.     Claimant admits all allegations contained in paragraph "65" as true.

67.     Claimant admits all allegations contained in paragraph "66" as true.

68.     Claimant admits all allegations contained in paragraph "67" as true.

69.     Claimant admits all allegations contained in paragraph "68" as true.

70.     Claimant admits all allegations contained in paragraph "69" as true.

71.     Claimant admits all allegations contained in paragraph "70" as true.

72.     Claimant admits all allegations contained in paragraph "71" as true.

73.     Claimant admits all allegations contained in paragraph "72" as true.

74.     Claimant admits all allegations contained in paragraph "73" as true.

75.     Claimant admits all allegations contained in paragraph "74" as true.

76.     Claimant admits all allegations contained in paragraph "75" as true.

77.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "76".

78.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "77".

79.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "78".

80.     Claimant denies knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph "79".

81.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "80".

82.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "81".

83.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "82".

84.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "83".

85.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "84".

86.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "85".

87.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "86".

88.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "87".

89.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "88".

90.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "89".

91.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "90".

92.    Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "91".

93.    Claimant admits all allegations contained in paragraph "92" as true.

94.    Claimant admits all allegations contained in paragraph "93" as true.

95.    Claimant admits all allegations contained in paragraph "94" as true.

96.    Claimant admits all allegations contained in paragraph "95" as true.

97.    Claimant admits all allegations contained in paragraph "96" as true.

98.    Claimant admits all allegations contained in paragraph "97" as true.

99.    Claimant admits all allegations contained in paragraph "98" as true.

100.    Claimant admits the allegations to the extent that Full Tilt Poker committed wire fraud and money laundering while also defrauding the U.S. Players by paying out hundreds of millions of dollars to Full Tilt Owners while misrepresenting that funds in the player accounts were safe.  Further, Claimant admits that Full Tilt Poker failed to segregate the player funds from the operating funds and failed to keep the player funds properly secured.  Claimant denies knowledge or information sufficient to form a belief as to the truth of what Full Tilt Poker owns internationally, the true nature of its financial condition or whether there were or are sufficient funds to refund the players. Claimant denies any other allegation pertaining to Full Tilt Poker or any associated entity or affiliated person in paragraph "99".

101.    Claimant admits all allegations contained in paragraph "100" as true. Further, Claimant admits the allegations contained in the subparagraphs as true.

102.    Claimant admits all allegations contained in paragraph "101" as true. Further, Claimant admits the allegations contained in the subparagraphs as true.

103.    Claimant admits all allegations contained in paragraph "102" as true.

104.    Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "103".

105.    Claimant admits all allegations contained in paragraph "104" as true.

106.    Claimant admits the allegations to the extent that Full Tilt Poker made material misrepresentations to U.S. Players concerning the security of their funds, where the funds were being kept and how the funds were being utilized, including the payment of funds to Full Tilt Owners.  Claimant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "105".

107.    Claimant admits all allegations contained in paragraph "106" as true.

108.    Claimant admits all allegations contained in paragraph "107" as true.

109.    Claimant admits all allegations contained in paragraph "108" as true.

110.    Claimant admits all allegations contained in paragraph "109" as true.

111.    Claimant admits all allegations contained in paragraph "110" as true.

112.    Claimant admits all allegations contained in paragraph "111" as true.

113.    Claimant admits all allegations contained in paragraph "112" as true.

114.    Claimant admits the allegations to the extent that Full Tilt Poker experienced difficulty in processing payments and would authorize the crediting of player accounts with funds that had not yet been transferred from the player's bank or credit card accounts.  Claimant denies any other remaining allegation contained in paragraph "113".

115.    Claimant admits the allegations to the extent the funds were not as "safe"

or "secure" as represented.  Claimant denies knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in paragraph "114".

116.    Claimant admits the allegations to the extent that Full Tilt Poker continued

to make payments to owners up to and including April 1, 2011.  Claimant denies

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in paragraph "115".

117.    Claimant admits the allegations to the extent that Full Tilt Poker,

following the Arrest Warrant *In Rem*, continued its international operations and continued

to accept deposits from non-U.S. players.  Claimant denies knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph "116".

118.    Claimant denies knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph "117".

119.    Claimant admits the allegations to the extent that Full Tilt Poker never

disclosed that it would not or could not return funds to these new depositors.  Claimant

denies knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph "118".

120.    Claimant admits all allegations contained in paragraph "119" as true.

121.    Claimant admits all allegations contained in paragraph "120" as true.

122.    Claimant admits the allegations to the extent that Full Tilt Poker had

difficulty opening accounts with U.S. Banks and in order to defraud these banks operated

in a deceptive course of conduct.  Claimant denies knowledge or information sufficient to

form a belief as to the truth of the allegations against any non-Full Tilt Poker entity or

20

party.  Claimant denies any other allegation pertaining to Full Tilt Poker or any associated entity or affiliated person in paragraph "121".

123.    Claimant admits the allegations to the extent that Full Tilt Poker and its board members engaged in a course of conduct, which was designed to and did deceive U.S. Players.  Claimant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "122".

124.    All allegations contained in paragraph "123" constitute legal conclusions.

125.    All allegations contained in paragraph "124" constitute legal conclusions.

126.    All allegations contained in paragraph "125" constitute legal conclusions.

127.    All allegations contained in paragraph "126" constitute legal conclusions.

128.    All allegations contained in paragraph "127" constitute legal conclusions.

129.    All allegations contained in paragraph "128" constitute legal conclusions.

130.    All allegations contained in paragraph "129" constitute legal conclusions.

131.    All allegations contained in paragraph "130" constitute legal conclusions.

<strong><u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u></strong>

132.    The complaint fails to state a claim against Claimant and Class' property upon which relief may be granted.

<strong><u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u></strong>

133.    Claimant and the Class's property are the proceeds of lawful earnings.

<strong><u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u></strong>

134.    Claimant and the Class's property were intended to be used for a lawful purpose.

<strong><u>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</u></strong>

135.    Without waiving any defense asserted herein, to the extent that plaintiff

seeks forfeiture of any property in which the Claimant and the Class have an interest,

Claimant and the Class are innocent owners of said interest as provided for in 18 U.S.C.

§983(d).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

136.    Without waiving  any defense asserted herein, Claimant and the Class

assert that any interest they have in any of the property sought to be subject to forfeiture

herein is not subject to forfeiture because the Claimant and the Class's interest in such

property does not constitute nor is derived from proceeds traceable to any "specific

unlawful activity" or any other crime within the meaning of 18 U.S.C. §1955, 18 U.S.C.

§981(a)(1)(c), 18 U.S.C. 1956(c)(7), 18 U.S.C. §1961(1)(b), or any other applicable

federal or state statute.

## AS AND FOR A FIRST COUNTERCLAIM

137.    Claimant requests costs, pre- and post-judgment interest and attorney's

fees pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. 106-

185, 106th Cong. (2000), 114 Stat. 2111 (April 25, 2000) and the Equal Access to Justice

Act, 28 U.S.C. §2412 ("EAJA").

**WHEREFORE**, Claimant Steve Segal, on behalf of the Class of U.S. Players,

prays this Honorable Court will:

1.    DISMISS Plaintiff's complaint and enter judgment on behalf of the

Claimant and the Class, directing that the Plaintiff not take any property in which

Claimant and the Class have any interest in forfeiture as result of this action, direct that

Plaintiff not be legally entitled to recover any property by reason forfeiture in which

Claimant and the Class has any interest, and directing the release and return of all property heretofore seized, attached and/or restrained in which the Claimant and the Class have an interest; and

2.   Award Claimant and the Class costs, pre- and post-judgment interest and attorneys' fees pursuant to CAFRA and the EAJA; and

3.   Provide such other and further legal and equitable relief, as the Court deems just and proper.

Dated:  November 10, 2011                          WOLF HALDENSTEIN ADLER
                                                   FREEMAN & HERZ LLP

                                    By:     /s/ Thomas H. Burt
                                            Lawrence P. Kolker
                                            Thomas H. Burt
                                            Edmund Aronowitz
                                            Lydia A. Keaney
                                            Beth A. Landes
                                            270 Madison Avenue
                                            New York, New York 10016
                                            Telephone: 212-545-4600
                                            Facsimile: 212-545-4653

672088

## **VERIFICATION**

Steve Segal, who is a named plaintiff and filed on behalf of a putative class of U.S. Players that held Player Accounts with Full Tilt Poker, here by declares under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Steve Segal

Sworn to before me this

9th day of November, 2011

Notary Public

JOSEPH WEISS
Notary Public, State of New York
No. 01WE5069215
Qualified in Nassau County
Commission Expires Nov. 18, 20__2__