

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,　　　　　:

　　　　　Plaintiff,　　　　　　　　:　　STIPULATION AND ORDER

　　　　　- v. -　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　11 Civ. 2564 (LBS)
POKERSTARS, et al.,　　　　　　　　:

　　　　　Defendants;　　　　　　　　:

ALL RIGHT, TITLE AND INTEREST IN　:
THE ASSETS OF POKERSTARS, et al.,
　　　　　　　　　　　　　　　　　　　　:
　　　　　Defendants-in-rem.
　　　　　　　　　　　　　　　　　　　　:
- - - - - - - - - - - - - - - -x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-30-11

　　　　WHEREAS, on or about April 14, 2011, a verified complaint, 11 Civ. 2564 (LBS) (the "Complaint") was filed under seal in the United States District Court for the Southern District of New York seeking the forfeiture of certain properties pursuant to Title 18, United States Code, Sections 1955(d), 981(a)(1)(A), and 981(a)(1)(c), including $8,018.04 from Bank Account numbered 9105709543 in the name of Autoscribe Corporation at Citibank, N.A. and all property traceable thereto ("the Defendant Property");

　　　　WHEREAS, on or about May 26, 2011, the United States provided notice of the filing of the Complaint to Autoscribe Corporation ("Autoscribe" or the "Claimant") by and through its counsel, Todd Reinecker, Esq.;

　　　　WHEREAS, beginning on May 17, 2011, and for thirty

1

consecutive days thereafter, pursuant to Rule G (4)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, plaintiff United States of America posted notice of the Verified Complaint against the defendants-in-rem, on www.forfeiture.gov, the government internet site, and proof of publication was filed with the Clerk of the Court on November 22, 2011;

WHEREAS, on or about June 13, 2011, the Claimant filed a Statement of Interest in the Defendant Property asserting an ownership in said property;

WHEREAS, on or about September 21, 2011, a verified amended complaint in this action (the "Amended Complaint") was filed seeking the forfeiture of, inter alia, the Defendant Property;

WHEREAS, the Claimant, admitting no wrongdoing in connection herewith, has agreed to settle this matter; therefore

IT IS HEREBY STIPULATED, ORDERED AND AGREED, by and between Plaintiff United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorneys, Sharon Cohen Levin, Michael D. Lockard, and Jason H. Cowley, of counsel, and the Claimant, by its counsel, Michael J. Gilbert, Esq., that:

1. The Claimant agrees that the Defendant Property of $8,018.04 shall be forfeited to the United States, for

disposition according to law, pursuant to Title 18, United States Code, Section 981, without admitting any liability thereunder.

2. The Claimant is hereby barred from asserting any claim against the United States or any of its agents and employees (including, without limitation, the Federal Bureau of Investigation ("FBI") and the United States Attorney's Office for the Southern District of New York ("USAO-SDNY")) in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the Defendant Property, including, without limitation, any claim that the United States did not have probable cause to seize and/or forfeit the Defendant Property, that the Claimant is a prevailing party or that the Claimant is entitled to attorneys' fees or any award of interest.

4. The Claimant represents that it is the sole owner of the Defendant Property, and agrees to hold harmless the United States and any and all of its agents and employees (including, without limitation, the FBI and the USAO-SDNY) from any and all third-party claims in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the Defendant Property.

5. The Claimant hereby withdraws its claim and agrees that it shall not file any claim or petition for restoration or remission relative to the Defendant Property, or any action or motion seeking to collaterally attack the seizure, restraint, or

3

forfeiture of the Defendant Property. Furthermore, the parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order of Settlement.

6. This Stipulation and Order of Settlement shall in no way be deemed an admission of culpability, liability, or guilt on behalf of the Claimant, or of the plaintiff United States or any of their respective agents, officers or employees, past and present. Further, this Stipulation and Order of Settlement shall in no way constitute any reflection upon the merits of the claims and defenses asserted respectively by the United States and the Claimant.

7. Each party shall bear its own costs and attorneys' fees.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____     11/29/11
    Sharon Cohen Levin              DATE
    Michael D. Lockard
    Jason H. Cowley
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, New York 10007
    (212) 637-1060/2193/2479

4

AUTOSCRIBE CORPORATION

By: _____Robert E. Polli_____  11/28/2011
~~Title~~ President  DATE
Autoscribe Corporation

By: _____/s/ Michael J. Gilbert_____  11/28/11
Michael J. Gilbert, Esq.  DATE
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036-6797
(212) 698-3886
Attorney for Claimant

SO ORDERED: _____/s/ Leonard B. Sand_____  11/30/2011
HONORABLE LEONARD B. SAND  DATE
UNITED STATES DISTRICT JUDGE

5