UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,     :
                              :
                Plaintiff,     :     11 Civ. 2564 (LBS)
v.                          :
                              :
POKERSTARS, et al.,       :
                              :     CLAIMANT AVOINE - SERVICO DE
               Defendants;    :     CONSULTADORIA E MARKETING, LDA'S
                              :     VERIFIED ANSWER TO THE
ALL RIGHT, TITLE AND INTEREST IN  :     VERIFIED FIRST AMENDED COMPLAINT
THE ASSETS OF POKERSTARS, et al.,  :
                              :
             Defendants-in-rem.  :     JURY TRIAL DEMANDED
-------------------------------------------------------x

        Claimant, Avoine – Service de Consultadoria e Marketing, LDA ("Avoine"), by and

through its undersigned attorneys, Trachtenberg Rodes & Friedberg LLP, as and for its answer to

the Verified First Amended Complaint ("Complaint") pursuant to its restricted appearance in this

matter:

        1.      Denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations set forth in paragraphs 1 through 10 of the Complaint.

        2.      Denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations set forth in paragraph 11 of the Complaint, except denies that the

property in which Avoine claims an interest ("Avoine's Property Interest") is subject to

forfeiture.

        3.      Denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations set forth in paragraphs 12 through 16 of the Complaint.

        4.      Denies that any response to paragraphs 17 through 20 of the Complaint is

required insofar as those paragraphs set forth conclusions of law, and otherwise denies

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in those paragraphs.

5.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 21 through 23 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 24 of the Complaint, except admits upon information and belief that, in or about 2007, the assets of SGS (BVI) Inc. ("SGS") – which then included, without limitation, all of the computer hardware and software and other intellectual property associated with the operation of the Absolute Poker online poker business, along with all of the equity in certain SGS subsidiaries, to wit Panora Tech Belize, Inc. ("Panora"), Fiducia Exchange Ltd. ("Fiducia") and Momentum Technologies Inc. ("Momentum") (the "Absolute Poker Assets") – were assigned to Avoine.

7.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 25 through 76 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 77 through 84 of the Complaint, except admit that Avoine's Property Interest includes an interest in some or all of the computer hardware and software, and other intellectual property, referred to in those paragraphs, including the domain name www.absolutepoker.com.

9.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 85 through 129 of the Complaint.

10.     In response to paragraph 130 of the Complaint, repeats and realleges its responses to paragraphs 1 through 129 of the Complaint as if set forth verbatim herein.

11.     Denies that any response to paragraphs 130 through 133 of the Complaint is required insofar as those paragraphs set forth conclusions of law, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in those paragraphs.

12.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 134 and 135 of the Complaint, except denies that Avoine's Property Interest is subject to forfeiture.

13.     In response to paragraph 136 of the Complaint, repeats and realleges its responses to paragraphs 1 through 129 of the Complaint as if set forth verbatim herein.

14.     Denies that any response to paragraphs 137 through 141 of the Complaint is required insofar as those paragraphs set forth conclusions of law, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in those paragraphs.

15.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 142 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 143 of the Complaint, except denies that Avoine's Property Interest is subject to forfeiture.

17.     In response to paragraph 144 of the Complaint, repeats and realleges its responses to paragraphs 1 through 129 of the Complaint as if set forth verbatim herein.

18.     Denies that any response to paragraphs 145 through 149 of the Complaint is required insofar as those paragraphs set forth conclusions of law, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in those paragraphs.

19.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 150 of the Complaint, except denies that Avoine's Property Interest is subject to forfeiture.

20.     In response to paragraph 151 of the Complaint, repeats and realleges its responses to paragraphs 1 through 129 of the Complaint as if set forth verbatim herein.

21.     Denies that any response to paragraphs 152 through 155 of the Complaint is required insofar as those paragraphs set forth conclusions of law, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in those paragraphs.

22.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 156 and 157 of the Complaint.

23.     In response to paragraph 158 of the Complaint, repeats and realleges its responses to paragraphs 1 through 129 of the Complaint as if set forth verbatim herein.

24.     Denies that any response to paragraph 159 of the Complaint is required insofar as that paragraph sets forth conclusions of law, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that paragraph.

25.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 160 and 161 of the Complaint.

FIRST AFFIRMATIVE DEFENSE

26.     To the extent that the Complaint seeks forfeiture to the plaintiff of Avoine's Property Interest, it fails to state a claim.

SECOND AFFIRMATIVE DEFENSE

27.     Upon information and belief:

4

      a.      By in or about 2006, SGS (BVI) Inc. ("SGS") was the parent company in the corporate structure of the Absolute Poker business, and was owned by about 250 shareholders who had, between 2001 and 2006, invested millions of dollars to develop the Absolute Poker brand and intellectual property. As of 2006, SGS owned several subsidiaries, including Fiducia Exchange Ltd., a Malta limited liability company ("Fiducia"), Momentum Technologies, Inc., a British Virgin Islands corporation ("Momentum"), and Panora Tech Belize Inc., a Belize corporation ("Panora") (Fiducia, Momentum and Panora referred to herein as the "Subsidiaries"). As of 2006, the assets of SGS and the Subsidiaries included, among other things, computer hardware and software developed and used in the worldwide operation of the Absolute Poker business, the www.absolutepoker.com domain name and other domain names incorporating the word "absolutepoker," and other intellectual property (the "AP Assets").

      b.      In or about 2006 or early 2007, in a reorganization of its affairs, SGS assigned and transferred the AP Assets, along with all of SGS's equity in the Subsidiaries, to Avoine and, at substantially the same time, SGS's shareholders became shareholders in Avoine's parent company, a Norwegian company called Madeira Fjord AS ("MFAS").

      c.      In or about 2007, Avoine entered into agreements (the "Avoine-Absolute Sale") with Absolute Entertainment, S.A., a Belize corporation ("Absolute Entertainment"), pursuant to which, among other things, Avoine sold to Absolute Entertainment (a) all of the equity it owned in the Subsidiaries, and (b) all of the AP Assets, in consideration of which Absolute Entertainment delivered to Avoine two promissory notes obligating Absolute Entertainment to pay Avoine, in the aggregate,

$250 million plus interest. Avoine retained a security interest in the stock and assets sold to Absolute Entertainment.

      d.     In or about late 2008, Avoine and Absolute Entertainment executed an agreement purporting to rescind the 2007 Avoine-Absolute Sale.

      e.     From and after the 2007 Avoine-Absolute Sale, all operation of the Absolute Poker online poker business has been carried out by employees and/or agents of Absolute Entertainment or its contractors and/or assignees (e.g., Blanca Games), as express or implied licensees, and not by Avoine.

      f.     During the period 2007 to the present, neither Avoine nor its management knew of the allegedly wrongful conduct upon which the plaintiff's forfeiture claim is predicated.

28.     In or about May 2011, Madeira was declared bankrupt by Oslo byfogdembete (the "Norwegian Bankruptcy Court") pursuant to a proceeding identified as No. 11-076587KON-OBYF/1: Madeira Fjord. *See* Exhibit A. By the same order, Thomas S. Brandi, an attorney and partner in the bankruptcy department of one of Norway's largest law firms, was appointed insolvency administrator (i.e., trustee) of the Estate. *See* Exhibit A. In addition, Mr. Brandi was contemporaneously appointed sole director and Chairman of Avoine.

29.     Norwegian tax authorities have asserted a claim in the MFAS Bankruptcy Case alleging that, based (among other things) on Avoine's acquisition and disposition of the AP Assets and Subsidiaries, MFAS is obligated to pay taxes totaling in excess of 175 million Norwegian Krone (roughly US$30 million). In other words, the Norwegian government has recognized Avoine's interest in the AP Assets and Subsidiaries, as well as the gains and/or income that accrued to Avoine as a result of the transactions summarized above, and has levied taxes upon MFAS based thereon.

30.     Accordingly, to the extent that the Complaint seeks forfeiture to the plaintiff of Avoine's Property Interest, plaintiff's claim is barred because, upon information and belief, Avoine is an innocent owner pursuant to 18 U.S.C. §983(d).

THIRD AFFIRMATIVE DEFENSE

31.     To the extent that the Complaint seeks forfeiture to the plaintiff of Avoine's Property Interest, plaintiff's claim is, upon information and belief, barred under the Eighth Amendment to the Constitution of the United States.

Avoine reserves the right to amend its answer to assert additional affirmative defenses.

WHEREFORE Avoine requests that judgment be entered:

A.     dismissing the Complaint to the extent that it seeks forfeiture to the plaintiff of Avoine's Property Interest;

B.     awarding Avoine its costs, and including attorneys' fees and expenses;

C.     granting to Avoine such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 7, 2012

                              TRACHTENBERG RODES & FRIEDBERG LLP
                              Attorneys for Avoine – Servico de
                              Consultadoria e Marketing, LDA


                              By: _____
                                    Leonard A. Rodes (LR3675)
                              545 Fifth Avenue
                              New York, New York  10017
                              (212) 972-2929
                              (212) 972-7581 fax
                              lrodes@trflaw.com

7

## VERIFICATION

I, **THOMAS STEEN BRANDI**, as chairman of the board of directors of Avoine – Servico de Consultadoria e Marketing, LDA, hereby declare under penalty of perjury, pursuant to 28 U.S.C. 1746, that the foregoing VERIFIED ANSWER TO THE VERIFIED FIRST AMENDED COMPLAINT OF AVOINE - SERVICO DE CONSULTADORIA E MARKETING, LDA is true to the best of my knowledge, information and belief.

Dated: Oslo, Norway
     March 7, 2012

                                              Thomas Steen Brandi

# EXHIBIT A

 **OSLO BYFOGDEMBETE**

2 8 MAI 2011

**Dok 13**

Advokat Thomas Steen Brandi
Advokatfirmaet Selmer DA
Postboks 1324 Vika

0112 OSLO

| Deres referanse | Vår referanse | Dato |
|---|---|---|
| | 11-076587KON-OBYF/1 | 25.05.2011 |

**11-076587 KON: - Madeira Fjord AS**

To whom it may concern.

Oslo County Court hereby declares that bankruptcy proceedings were instituted against Madeira Fjord AS on May 10, 2011.

Attorney at Law, Thomas Steen Brandi, Oslo, Norway, has been appointed trustee of the said bankruptcy estate of Madeira Fjord AS. The trustee has the power of attorney to represent the estate in all matters, including the collection of all outstanding claims and accounts of the estate.

Oslo County Court

Lars Borge Andersen
dommer (judge)