

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 30, 2012



**BY HAND**
Honorable Leonard B. Sand
United States District Judge
United States Courthouse
500 Pearl Street, Room 1650
New York, NY 10007

> Re:  *United States v. Pokerstars, et al.,*
> 11 Civ. 2564 (LBS)

Dear Judge Sand:

The Government respectfully writes in response to the letter from counsel for Claimant Adam Webb ("Webb") in the above-captioned matter that was sent to the Court on April 19, 2012.

Webb is correct in noting that a fully-briefed motion to strike his claim and dismiss his counter-claim has been submitted to the Court.[1]  As explained in the Government's memorandum in support of its motion, while Webb may very well have the ability to bring some sort of action against Full Tilt Poker or Absolute Poker for a debt owed to him, he has no standing to assert a claim for this general, unsecured debt in this forfeiture action.  Accordingly, and for the reasons expressed in the Government's memorandum in support of its motion, the Government respectfully requests that the Court issue a ruling granting the Government's motion to strike Webb's claim and dismiss his counter-claim.

---

[1] The Government disagrees with many of the other characterizations of the case put forward by Webb.  By way of example, the two "motions to dismiss" he refers to as being filed on November 30, 2011 were not stand-alone motions to dismiss that have been ignored but were merely attempts by claimants MAS, Inc. and Ultra Safe Pay LLC to reserve their ability to join in any later-filed motions to dismiss.  Also, contrary to Webb's assertion, no arrest warrant *in rem* was issued by this Court in this action in April 2011, although an arrest warrant *in rem* was issued for certain non-poker company accounts in connection with the filing of the amended complaint in this action.  Additionally, the Government does not concede that the moneys Webb claims an interest in are, in fact, owed to him or that he would be an innocent owner of such funds.  Resolution of those issues has not taken place at this early stage of the action and such resolution is not necessary for purposes of the pending motion to strike Webb's claim.

Webb also requests that the Court order the Government to release to him an amount of up to $95,449.63, which constitutes the amount of debt he contends is owed to him from Full Tilt Poker and Absolute Poker. As an initial matter, the Government is not in possession of funds held by these two entities. However, certain bank accounts held by these two entities are restrained pursuant to the restraining order issued in *United States v. Scheinberg*, S3 10 Cr. 336 (LAK) (S.D.N.Y.). No bank accounts held by Webb have been seized or retrained. No property for which Webb has a secured interest has been seized or restrained, and Webb can point to no specific *res* other than the generalized debt he contends is owed to him.

Webb's requested relief further evidences the baselessness of his claim in this forfeiture action. To consider Webb's application for the release of funds, the Court would have to decide which bank account held in the name of which third-party claimant it would order the transfer of funds from in order to provide such funds to Webb. Indeed, as alleged in the amended complaint in this action, Full Tilt Poker did not even maintain adequate funds in its bank accounts to cover player balances. Webb continues to attempt to convert this action into a bankruptcy proceeding or some sort of breach of contract case. This forfeiture action is neither.

Additionally, Webb has not, and cannot, satisfy the provisions of 18 U.S.C. § 983(f), the section that governs the release of property during the pendency of civil forfeiture actions, sufficient to justify the transfer of property to him. By way of example only, Webb cannot show (1) a possessory interest in the property; or (2) a hardship that outweighs the near certainty that the approximately $95,000 in cash he asks to be sent to him will be transferred or otherwise dissipated during the pendency of this action. See 18 U.S.C. § 983(f)(1)(A) and (D). Indeed, Section 983(f) does not allow for the release of currency, unless such currency "constitutes the assets of a legitimate business which has been seized." 18 U.S.C. § 983(f)(8)(A). The very premise of Webb's claim is that such funds do not constitute the assets of any business, legitimate or otherwise.

Webb simply has no legal basis to maintain a claim in this action or to seek the immediate transfer of over $95,000 to him. Instead, when and if any funds in this action are forfeited to the United States, Webb may file a petition for remission pursuant to Title 18, United States Code, Section 981(d) and (e), and Title 28, Code of Federal Regulations, Part 9, to request compensation for his losses from the fraud alleged in this matter.

For these reasons, the Government requests that Webb's claim in this action be dismissed and that the relief he requests in his letter of April 19, 2012 be denied.

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____ (For)
Sharon Cohen Levin
Michael D. Lockard
Jason H. Cowley
Assistant United States Attorney
(212) 637-1060/2193/2479

cc: counsel for Webb (by email)

For the reasons expressed above, the relief sought by Claimant Webb in his letter of April 19, 2012 is denied.

SO ORDERED:

_____
The Honorable Leonard B. Sand
United States District Judge
5/2/12