UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-23-12

UNITED STATES OF AMERICA

Plaintiff,

v.

POKERSTARS ET AL.

Defendants,

ALL RIGHT, TITLE AND INTEREST IN THE
ASSETS OF POKERSTARS, ET AL..

Defendants *in rem*.

No. 11 CIV 2564 (LBS)

## THE POKER PLAYERS ALLIANCE'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO PARTCIPATE AS AMICUS CURIAE

The Poker Players Alliance ("PPA") hereby respectfully requests leave of Court to participate as *amicus curiae* in this matter, and if granted, that this Court file the attached Brief (Exhibit 1) in Support of Defendants' Oldford Group LTD, PYR Software Ltd., Rational Entertainment Enterprises LTD., Sphene International Ltd., Stelekram Ltd. (collectively the "PokerStars Defendants") Motion to Dismiss for Failure to State a Claim (Dkt. 201).[1] "District courts have broad discretion to permit or deny the appearance of amici curiae in a given case." *United States v. Ahmed*, 788 F. Supp. 196, 198 n. 1 (S.D.N.Y.1992). The customary role of an *amicus* is to aid the court and offer insights not available from the parties. *United States v. El-*

---

[1] Numerous defendants in this case have filed numerous motions to dismiss. *See* Dkt. 189 (Motion to Dismiss by Howard Lederer), Dkt. 191 (Motion to Dismiss by Rafael Furst), Dkt 193 (Motion to Dismiss by Telamonian Ajax Trust), Dkt. 195 (Motion to Dismiss by Christopher Ferguson), Dkt 197 (Motion to Dismiss by Oldford Group LTD, PYR Software Ltd, Rational Entertainment Enterprises LTD., Sphene International Ltd., Stelekram Ltd..). The reasoning in the PPA's proposed *amicus* brief supports dismissal pursuant to each Defendant's motion.

*Gabrowny*, 844 F. Supp. 955, 957 n. 1 (S.D.N.Y.1994). The PPA's participation meets and exceeds this standard.

The PPA is a non-profit organization, whose membership includes over a million professional and amateur poker players and enthusiasts with years of experience playing poker, is in a unique position to help inform the Court fully as to the role of skill in playing poker, which is not available from the parties themselves. The PPA is dedicated to protecting the legal rights of poker players and to provide poker players with a secure, safe, and regulated place to play. In accordance with this mission, one of the PPA's key objectives is to make the public, the political community, and the legal community aware of the fact that poker is a game in which the skill of the player is the predominant factor in determining the outcome of the game. The PPA does so through advocacy work in Washington, D.C. and throughout the United States. It has also regularly appeared as *amicus curiae* in cases affecting its members' ability to play poker, offering a unique perspective on and information regarding the skill required to play poker. *See United States v. DiCristina*, No. 1:11-cr-0414-JBW, Dkt. No. 83 (E.D.N.Y. July 10, 2012); *South Carolina v. Chimento*, No. 98045DB (Mt. Pleasant Mun. Ct. Feb. 19, 2009); *Pennsylvania v. Dent*, Nos. 167-MDA-2009, 168-MDA-2009 (Pa. Super. 2009), and *Kentucky v. Interactive Media Entertainment & Gaming Assoc., Inc.*, No. 2009-SC-000043 (Ky. May 12, 2009). The PPA also ensured the presentation of the body of evidence regarding the predominance of skill in poker in a Colorado jury trial that resulted in a not guilty verdict. *People v. Raley*, No. 08M2463 (Weld County Ct., Colorado Jan. 21, 2009). In connection with this motion, the PPA has consulted with counsel for the PokerStars Defendants, the FullTilt Defendants,[2] the Absolute

---

[2] The "Full Tilt" Defendants are: Filco Ltd., Kolyma Corporation A.V.V., Mail Media Ltd., Pocket Kings Consulting, Ltd., Pocket Kings Ltd., Ranston Ltd., Tiltware LLC, and Vantage Ltd..

Poker Defendants,[3] Howard Lederer, Chris Ferguson, and Raymond Bittar all of whom consented to or raised no objection to the PPA's participation as *amicus*. It has also consulted with the United States Attorney's Office for the Southern District of New York, which takes no position on the PPA's motion.

The indictment directly affects the PPA's interest in assisting its members in continuing to play poker lawfully. Should cases like this one be allowed to proceed, it will prevent PPA members' ability to continue to play poker without fear that their funds will be subject to forfeiture. Consequently, the PPA respectfully requests that the Court grant the PPA leave to participate in the briefing in this proceeding as *amicus curiae*.

Respectfully submitted,

_____/s/_____
Kenneth Dreifach (Bar Code KD 4816)
ZwillGen PLLC
415 Madison Avenue, 11th Floor
New York, NY 10017
ken@zwillgen.com
Tel: (347) 210.1798
On Behalf of the Poker Players Alliance

*[Handwritten annotation:] Leave to participate as amicus is granted. So ordered. [signature] 7/19/1[?]*

---

[3] Absolute Entertainment, S.A., Absolute Poker, Blanca Games, Inc. of Antigua, and Ultimate BET.

Endorsement reads:

"Leave to participate as amicus is granted."

So ordered.