UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>v.<br><br>POKERSTARS; et al.,<br><br>                           Defendants;<br><br>ALL RIGHT, TITLE AND INTEREST IN THE ASSETS OF POKERSTARS; etc., et al.,<br><br>                           Defendants-In-Rem. | Civil Action No.:  11-cv 02564-LBS<br><br>OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE CLAIM OF ROBB EVANS OF ROBB EVANS & ASSOCIATES LLC, RECEIVER |

COMES NOW, Robb Evans of Robb Evans & Associates LLC, in his capacity as Receiver ("Receiver") appointed pursuant to the Preliminary Injunction Order issued in the case of *Federal Trade Commission v. Jeremy Johnson, etc., et al.*, United States District Court, District of Nevada, Case No. 2:10-cv-02203-RLH-GWF ("FTC Action"), and submits the following Opposition to Plaintiff's Motion to Strike the Receiver's Verified Claim and files concurrently herewith the Declaration of Gary Owen Caris Regarding Request for Judicial Notice of FTC Action Filings in support of this Opposition. The Receiver contends the Motion to Strike should be denied, or alternatively, if found to be meritorious, that the Receiver should be granted leave to file an Amended Verified Claim based on the following.

I.      INTRODUCTION

Plaintiff United States of America ("Plaintiff" or "United States") moves to strike the Verified Claim of the Receiver on the ground of lack of standing. The Receiver filed his Verified Claim on October 5, 2011 (Doc. No. 68), asserting an ownership interest in all or a portion of the funds in certain accounts listed in Schedule B to Plaintiff's First Amended

Complaint described as "SunFirst Bank Accounts and Related Accounts" and all funds traceable thereto ("Receiver's Claimed Accounts").

The Receiver's Verified Claim asserts that all or a portion of the funds in the Receiver's Claimed Accounts are property of the receivership estate under the Preliminary Injunction Order issued February 10, 2011 ("I Works Preliminary Injunction") in the case in which the Receiver was appointed pending in the United States District Court for the District of Nevada identified as *Federal Trade Commission v. Jeremy Johnson, etc., et al.*, Case No. 2:10-CV- 02203-RLH-GWF ("FTC Action").[1]  A copy of the I Works Preliminary Injunction was attached in support of the Receiver's Verified Claim.  *See* Verified Claim, Doc. No. 68, Exhibit 1 thereto.

The basis of Plaintiff's Motion to Strike the Receiver's Verified Claim is that the I Works Preliminary Injunction on its face does not identify the entities Triple Seven L.P. including its fictitious business names Netwebfunds.com and A Web Debit (individually and collectively "Triple Seven"), Triple Seven Inc., Kombi Capital, Powder Monkeys or Mastery Merchant as Receivership Defendants.  In fact, the I Works Preliminary Injunction defines the Receivership Defendants as (a) the assets of Jeremy Johnson (I Works Preliminary Injunction, Definitions para. 32, p. 10, ll. 12-13), and (b) the named Corporate Defendants and "any subsidiaries, affiliates, any fictitious business names or business names created or used by these entities, or any of them, and their successors and assigns, individually, collectively or in any combination." I Works Preliminary Injunction, Definitions para. 8, p. 7, ll. 14-16.  Thus, on the face of the I Works Preliminary Injunction, the assets and entities subject to the receivership are not limited to the named defendants in that action, and the Receiver contends that the Receiver's Claimed Accounts and funds therein constitute assets of Jeremy Johnson or of the Corporate Defendants as defined in the I Works Preliminary Injunction because the entities Triple Seven, Triple Seven Inc., Kombi Capital, Powder Monkeys and Mastery Merchant ("Subject Entities") are assets of

---

[1] Since the I Works Preliminary Injunction was issued, the Court has reassigned the case to Judge Miranda M. Du and the case number with the new judge's initials is 2:10-CV-02203-MMD-GWF.

Jeremy Johnson and/or constitute subsidiaries, affiliates, successors and/or assigns of the named Corporate Defendants in the FTC Action.

The Receiver's contention that the Subject Entities and their assets and funds traceable to accounts in their respective names constitute receivership property under the I Works Preliminary Injunction is detailed in and supported by an extensive report filed by the Receiver in the FTC Action on February 3, 2012 along with the Receiver's subsequent Motion to Clarify filed in the FTC Action on May 30, 2012 in which the Federal Trade Commission has joined. *See* Report of Receiver's Financial Reconstruction dated January 31, 2012 (Doc. No. 464) which is supported by a four-volume Appendix of Exhibits (Doc. Nos. 465-468) (collectively "Second Report"); Receiver's Motion to Clarify (Doc. No. 580); and Federal Trade Commission response in support of Receiver's Motion to Clarify (Doc. No. 620) filed in the FTC Action of which the Receiver requests the Court take judicial notice in support of this Opposition pursuant to Rule 201 of the Federal Rules of Evidence. These documents provide extensive support for the Receiver's contention that the Subject Entities constitute entities subject to and within the scope of the I Works Preliminary Injunction.

The Receiver's powers and duties with respect to receivership property and entities subject to the receivership are expansive. Under the I Works Preliminary Injunction, the Receiver is authorized to "Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under" that order. I Works Preliminary Injunction, Section XV.N., p. 26, l. 22 – 27, l. 1. The Receiver has filed the Verified Claim and the answer to the First Amended Complaint in accordance with his powers and duties under the I Works Preliminary Injunction, including but not limited to the powers and duties set forth in Section XV.N. of that order.

The Receiver's Verified Claim and the pleadings and papers filed in the FTC Action of which the Receiver has requested the Court take judicial notice in further support of the

Receiver's Verified Claim amply demonstrate the Receiver's colorable claim of ownership in the Receiver's Claimed Accounts and funds traceable thereto. Under applicable case law, this proof should be determined by the Court to sufficiently demonstrate the Receiver's standing to assert the Verified Claim to those accounts and related funds and to warrant denial of Plaintiff's Motion to Strike.

## II.   THE TERMS OF THE I WORKS PRELIMINARY INJUNCTION AND FILINGS IN THE FTC ACTION OF WHICH THIS COURT CAN TAKE JUDICIAL NOTICE DEMONSTRATE THE RECEIVER'S STANDING TO ASSERT THE RECEIVER'S VERIFIED CLAIM

The sole ground asserted by the United States to challenge the Receiver's standing to pursue his Verified Claim is that the Receiver lacks standing because the I Works Preliminary Injunction does not "on its face" name the Subject Entities as Receivership Defendants. Plaintiff has therefore not challenged the Receiver's statutory standing, in that Plaintiff acknowledges the Receiver has filed a Verified Claim to the Receiver's Claimed Accounts and has filed an answer to the First Amended Complaint. Instead, Plaintiff challenges the Receiver's constitutional standing; namely whether the Receiver has a " 'distinct and palpable injury' " which is sufficient to demonstrate standing under Article III of the U.S. Constitution. *See United States v. Cambio Exacto, S.A.*, 166 F. 3d 522, 527 (2d Cir. 1999) (reversing district court's order dismissing certain claims for lack of standing). The United States argues that the Receiver lacks standing because the definition of Corporate Defendants does not identify the corporate entities included in Schedule B of the First Amended Complaint nor are the Receiver's Claimed Accounts held in the name of Jeremy Johnson. However, the argument ignores the fact that the definition of Corporate Defendants set forth in the I Works Preliminary Injunction includes not only the named entities but also their subsidiaries, affiliates, any fictitious business names or business names created or used by these entities, or any of them, and their successors and assigns." In fact, the Receiver has amassed evidence demonstrating that the Subject Entities are assets of

Jeremy Johnson and/or subsidiaries, affiliates, successors or assigns of the named Corporate Defendants.

"Standing is a preliminary question used to determine only whether a claimant has a personal stake in the forfeiture proceedings such that he is a proper party to challenge the government's right to the property." *United States v. $421,090.000 in U.S. Currency*, No. 11-CV-00341 (JG), 2011 WL 3235632 at *3 (E.D.N.Y. July 27, 2011) (citing *Raines v. Byrd*, 521 U811, 818-19 (1997)). As the Second Circuit explained in *Torres v. $36,256.80 U.S. Currency*, 25 F. 3d 1154 (2d Cir. 1994), the standing inquiry examines whether the claimant is "arguably within the zone of interests to be protected," a zone that is to be interpreted broadly "to include any person with a recognizable legal or equitable interest" in the property subject to the forfeiture action. *Id.* at 1157 (internal quotations and citations omitted). *See also United States v. One 1986 Volvo 750T*, 765 F. Supp. 90, 91 (S.D.N.Y. 1991) ("Courts have held that the term 'owner' should be broadly construed to include any recognizable legal or equitable interest in the property seized" citing *Mercado v. Unites States Customs Service*, 873 F. 2d 641 (2d Cir. 1989)).

"[C]ourts have held that an allegation of ownership and some evidence of ownership are together sufficient to establish standing to contest a civil forfeiture." *Torres v. $36,256.80 U.S. Currency*, 25 F. 3d at 1158 (citations omitted). Citing the First Circuit's decision in *United States v. 116 Emerson St.*, 942 F. 2d 74, 78 (1st Cir. 1991), the Court in *Torres* went on to explain that at this stage in the forfeiture action "the claimant need not prove the full merits of her underlying claim. All that needs to be shown is a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement and "prudential considerations defining and limiting the role of the court." *Id.* (all internal quotations omitted). *See also United States of America v. $557,933.89 More or Less, in U.S. Funds*, 287 F. 3d 66 (2d Cir. 2002) (explaining that "in a civil forfeiture action the *government* is the plaintiff, and it is the government's right to forfeiture" that is adjudicated such that if the government fails to meet its burden of proof, then no evidence is required by the claimant); *United States v. Assets Described in "Attachment A"*, 799 F. Supp. 2d 1319 (M.D. Fla. 2011) (citing the "facially colorable interest" standard and

denying the government's motion to strike or dismiss, finding that the claimant had sufficiently asserted an ownership interest to support standing without having to prove an innocent owner claim at that stage). "The function of standing in a forfeiture action is therefore truly threshold only – to ensure that the government is put to its proof only where someone with a legitimate interest contests the forfeiture." *United States of America v. $557,933.89 More or Less, in U.S. Funds*, 287 F. 3d at 79 (also reiterating the "facially colorable interest" standard discussed in *Torres* and finding that later determination by the jury that the claimant in that case was not the owner of the funds did not mean that the claimant did not have standing to contest the forfeiture, finding that "because Mercado submitted a verified claim that he was the owner of the funds, we hold that he showed a sufficiently colorable interest to satisfy Article III standing requirements" (*Id.* at 79, n. 10)); *United States v. $421,090.000 in U.S. Currency*, No. 11-CV-00341 (JG), 2011 WL 3235632 at *5 (E.D.N.Y. July 27, 2011) (the claimant's "colorable ownership interest in even a portion of the funds is sufficient to establish a concrete interest in the proceedings as a whole").

      As the duly appointed federal equity receiver in the FTC Action, the Receiver has filed an extensive Second Report comprised of almost 80 pages of narrative and supported by approximately 80 pages of exhibits much of which is devoted to explaining the relationship between the lead defendant in that case, Jeremy Johnson, and his wholly owned entities I Works, Inc. and Elite Debit, Inc., and others, on one hand, and the Subject Entities. The Motion to Clarify explains why the Subject Entities are Receivership Defendants within the definition of the I Works Preliminary Injunction and provides a detailed evidentiary basis for the Receiver's conclusions. Pursuant to the I Works Preliminary Injunction, the Receiver is authorized to preserve and assert the interests of the Receivership Defendants in assets in litigation or otherwise, and the Receiver has asserted the ownership interest in the Receiver's Claimed Accounts as title to those accounts and funds therein is held by the Subject Entities. The evidence comprised of the Receiver's Second Report and the Declaration of Brick Kane in support of the Motion to Clarify, of which the Court may take judicial notice, easily meets the

standard of providing "some evidence" to support the Receiver's assertion of an ownership interest in the Receiver's Claimed Accounts. *Torres v. $36,256.80 U.S. Currency*, 25 F. 3d at 1158, citing *United States v. $38,570 U.S. Currency*, 950 F. 2d 1108, 1112-1113 (5th Cir. 1992). As a result, the Receiver has demonstrated he holds a "facially colorable interest" in the Receiver's Claimed Accounts with substantial supporting evidence, all that is required at this stage in the Court's inquiry to support a finding of standing.

The United States further argues that if the Receiver asserts an interest in the Receiver's Claimed Accounts through the Corporate Defendants or Jeremy Johnson, the Receiver's Verified Claim does not identify the connection. As set forth above, the definition of Corporate Defendants on the face of the I Works Preliminary Injunction Order includes more than merely those entities named as Corporate Defendants in the FTC Action and also includes their subsidiaries, affiliates, successors and assigns, which covers the Subject Entities. The Receiver's Verified Claim, signed under oath by the Deputy to the Receiver, asserts the accounts and funds therein constitute assets owned by the Receivership Defendants and property of the receivership estate under the I Works Preliminary Injunction. To the extent that "some evidence" is required to be submitted by the Receiver in further support of that claim in response to Plaintiff's motion to strike (*Torres v. $36,256.80 U.S. Currency*, 25 F. 3d at 1158; *United States v. $38,570 U.S. Currency*, 950 F. 2d at 1112-1113), the Receiver has submitted through the pleadings and files of the Court in the FTC Action of which the Receiver has requested judicial notice abundant evidence that the Subject Entities are Receivership Defendants within the meaning of the I Works Preliminary Injunction as detailed in the Receiver's Second Report and the Motion to Clarify and its supporting evidence.

### III. ALTERNATIVELY, IF THE VERIFIED CLAIM IS DEEMED INSUFFICIENT, THE RECEIVER SHOULD BE ALLOWED TO AMEND HIS VERIFIED CLAIM

To the extent that the Court finds the Verified Claim as presently filed by the Receiver is insufficient and that the Receiver is required to identify the connection between the Corporate Defendants and the Subject Entities in the Verified Claim beyond what is contained in the

language of the I Works Preliminary Injunction attached to the Verified Claim, then the Receiver requests that he be allowed by the Court to file an amended Verified Claim to set forth that connection. Amendments to verified claims to assets subject to civil *in rem* forfeiture proceedings should be liberally granted, particularly where the government is on notice of the claim asserted and no real prejudice to the government is shown if the amendment is allowed. *United States v. $125,938.62*, 370 F. 3d 1325, 1329-1330 (11th Cir. 2004). *See also United States v. Assets Described in "Attachment A"*, 799 F. Supp. 2d 1319 (addressing the sufficiency of the claimant's Fourth Amended Claim in that *in rem* forfeiture proceeding).

Plaintiff has known of Receiver's claim since October 2011 and will suffer no demonstrable prejudice if the Receiver were permitted to amend the claim to the extent such an amendment is deemed necessary under the circumstances. The Receiver is a fiduciary appointed by the District Court in a civil enforcement action by another arm of the United States government seeking to collect, preserve and enforce claims to assets of the receivership as to which the ultimate beneficiaries will likely be tens of thousands of injured consumers if the FTC prevails in its claims. Indeed, the FTC agrees with the Receiver's assessment that the Subject Entities are receivership entities under the term of the I Works Preliminary Injunction. The forfeiture proceedings are in their early stages, and at least one group of claimants, the Pokerstars claimants, have challenged the sufficiency of the government's first amended complaint on the fundamental question of whether on-line poker constitutes illegal gambling activity. If deemed necessary, amendment of the Receiver's claim at this time, particularly given the nature of the amendment, should be authorized by the Court consistent with the policies articulated by the Court in *United States v. $125,938.62*, 370 F. 3d 1325.

## IV. CONCLUSION

The Receiver respectfully requests that the Court deny the Motion to Strike filed by the United States, or alternatively, if the Motion to Strike is granted, that the Court order that the Receiver's Verified Claim be stricken without prejudice, and the Receiver be granted leave to amend his Verified Claim expressly to set forth the basis why the Subject Entities whose

accounts are set forth in Schedule B to the First Amended Complaint constitute Receivership Defendants and assets of the receivership estate in the FTC Action.

Dated: July 30, 2012        MCKENNA LONG & ALDRIDGE LLP

By: ___/s/Gary Owen Caris___
Gary Owen Caris, Esq. (pro hac vice)
Lesley Anne Hawes, Esq. (pro hac vice)
300 South Grand Avenue, 14th Floor
Los Angeles, California 90071-3124
Tel: (213) 688-1000
Fax: (213) 243-6330

-and-

Christopher F. Graham, Esq.
Alan F. Kaufman, Esq.
MCKENNA LONG & ALDRIDGE LLP
230 Park Avenue, Suite 1700
New York, New York 10169
Tel.: (212) 922-1800
Fax: (212) 922-1819

*Attorneys for Claimant*
*Robb Evans of Robb Evans & Associates LLC*