UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>POKERSTARS; et al.,<br><br>       Defendants;<br><br>ALL RIGHT, TITLE AND INTEREST IN THE ASSETS OF POKERSTARS; etc., et al.,<br><br>       Defendants-In-Rem. | Civil Action No.: 11-cv 02564-LBS<br><br>SURREPLY TO REPLY MEMORANDUM IN FURTHER SUPPORT OF THE GOVERNMENT'S MOTION TO STRIKE THE CLAIM OF ROBB EVANS OF ROBB EVANS & ASSOCIATES LLC, RECEIVER |

  COMES NOW, Robb Evans of Robb Evans & Associates LLC, in his capacity as Receiver ("Receiver") appointed pursuant to the Preliminary Injunction Order issued in the case of *Federal Trade Commission v. Jeremy Johnson, etc., et al.*, United States District Court, District of Nevada, Case No. 2:10-cv-02203-RLH-GWF ("FTC Action"), and submits the following Surreply to the Reply Memorandum in Further Support of the Government's Motion to Strike the Claim of Robb Evans of Robb Evans & Associates LLC, Receiver ("Government's Reply"). This Surreply is permitted pursuant to the Court's Order issued on August 15, 2012 (Doc. No. 251).

  **1.** **<u>The Subject Accounts Are Held by the Corporate Defendants, Which Are Receivership Defendants.</u>** One of the key contentions in the Government's Reply is that the Receivership Defendants subject to the Preliminary Injunction issued in the FTC Action do not include the entities who are the account holders on the accounts subject to the Receiver's Verified Claim, including the entities Triple Seven L.P. including its fictitious business names Netwebfunds.com and A Web Debit (individually and collectively "Triple Seven"), Triple Seven Inc., Kombi Capital, Powder Monkeys and Mastery Merchant, which entities the Government's

Reply defines as the "Subject Entities." *See* Government's Reply, p. 4. The Government's Reply states that "The definition of 'Corporate Defendants' [in the Preliminary Injunction] includes 61 separate corporate entities, but none of these are the Subject Entities that own the Subject Accounts" and further claims that "Because the Receivership authorized by the Injunction does not include the Subject Entities, the Receiver has no ownership over these accounts." *See* Government's Reply, p. 5. The Government further asserts, based on this inaccurate definition of "Corporate Defendants" as being limited to the named corporate defendants in the FTC Action, that "neither Johnson **nor the Corporate Defendants** legally own the Subject Accounts or even the Subject Entities that do own these accounts." *See* Government Reply, p. 6 (emphasis added).

The foregoing assertions misstate the facts and misstate and obfuscate the terms of the Preliminary Injunction in the FTC Action. Here are the actual facts. The Receiver was appointed permanent Receiver over the "Corporate Defendants" and over the assets of Jeremy Johnson under the terms of the Preliminary Injunction. I Works Preliminary Injunction, Definitions para. 32, p. 10, ll. 12-13. The definition of "Corporate Defendants" in the Preliminary Injunction is expressly **not limited** to the 61 named Corporate Defendants but includes "**any subsidiaries, affiliates, any fictitious business names or business names created or used by these entities, or any of them, and their successors and assigns, individually, collectively or in any combination.**" I Works Preliminary Injunction, Definitions para. 8, p. 7, ll. 14-16 (emphasis added). All Corporate Defendants are Receivership Defendants. I Works Preliminary Injunction, Definitions para. 32, p. 10, ll. 12-13. This language is not mere surplusage; this language explicitly brings within the scope of the Corporate Defendants and therefore the Receivership Defendants entities **not expressly named** as corporate defendants in the FTC Action but which otherwise constitute entities that are subsidiaries, affiliates, successors and assigns of the named corporate defendants. This language cannot be written out of the Preliminary Injunction and the scope of the Receivership Estate by the Government's argument in this case. In fact, another arm of the federal government, the Federal Trade Commission, has

**endorsed** the Receiver's position regarding the status of the Subject Entities as affiliates, subsidiaries, successors and/or assigns and entities within the scope of the receivership under the terms of the Preliminary Injunction.  *See* Decl. of Gary Owen Caris in Support of Opposition to Motion to Strike, Doc. No. 235, paras. 4 and 5 and Exh. 3 thereto.

2.       **The Account Holders Are Owned and Controlled by Jeremy Johnson and the Named Corporate Defendants, Not by the Vowells or Their Sham Entities.**  The Government's Reply also asserts that "Neither Johnson nor any of the named Corporate Defendants are owners of these entities [the Subject Entities who are the title holders of the accounts subject to the Receiver's Verified Claim]." Government's Reply, p. 9.  This again misstates the facts and ignores the facts as set forth in the Motion to Clarify and the voluminous supporting evidence and documents.  While nominal ownership of the Subject Entities is held by the Vowells, the mountain of evidence presented by the Receiver demonstrates that the ownership structures are a sham, that Jeremy Johnson is the beneficial owner of all of these entities, that the entities which own the accounts are Corporate Defendants and therefore Receivership Defendants under the terms of the Preliminary Injunction and that the Vowells are mere nominees holding assets and entities to secrete them from the Receiver.

3.       **These Are Not Funds Held by A Third Party; These Are Funds Held by the Receivership Defendants.**  The terms of the Preliminary Injunction determine the scope of the receivership, and the scope includes as Corporate Defendants and therefore Receivership Defendants the entities Triple Seven, Triple Seven Inc., Kombi Capital, Powder Monkeys and Mastery Merchant, the holders of the bank accounts in question for the reasons detailed in the Receiver's Second Report and Motion to Clarify of which the Receiver has requested the Court take judicial notice.  Because the holders of the accounts are Corporate Defendants and therefore Receivership Defendants under the Preliminary Injunction, the Receiver is authorized to assert their rights in these accounts and the funds contained therein.  The cases cited in the Government's Reply for the proposition that persons who deposit funds into a bank account which is held by a third party no longer have an interest in those funds (*see* Government Reply,

p. 7) are inapposite, since the basis of the Receiver's Verified Claim is its position as Receiver over the account holders as Corporate Defendants and therefore Receivership Defendants as defined by the Preliminary Injunction.

4. **There Is No Evidence Offered by the Government Rebutting the Receiver's Verified Claim.** Finally, the Government strangely supports its argument that the Subject Entities are not Corporate Defendants or Receivership Defendants under the Preliminary Injunction by citing to the Opposition to the Receiver's Motion to Clarify filed by Jason Vowell and other Jason Vowell-related entities ("Jason Vowell Pleading"), who are key targets of the Receiver's Motion to Clarify. The Receiver's Motion to Clarify is based on an extensive forensic accounting report of the Receiver as a Court-appointed fiduciary, backed by almost 800 pages of documents and exhibits along with two extensive declarations by the Receiver's Deputy, Brick Kane, and by counsel for the Receiver, Gary Owen Caris attesting to deposition testimony obtained by the Receiver during the course of the case. In stark contrast, as set forth in the Receiver's Motion to Clarify, Jason Vowell has repeatedly asserted the Fifth Amendment privilege and has refused to testify in response to two separate deposition subpoenas served by the Receiver. Jason Vowell is the brother of Todd Vowell (the "Vowells"). The Receiver has provided exhaustive evidence in its Motion to Clarify that the Vowells have assisted the Receivership Defendants in receiving, retaining, concealing, transferring and disposing of millions of dollars in assets beneficially owned and controlled by Jeremy Johnson and the other Receivership Defendants in violation the Preliminary Injunction.

The Jason Vowell Pleading relied on by the Government to support its claim that the Subject Entities are not Receivership Defendants under the Preliminary Injunction, is unsupported by any declaration or authenticated documents other than a declaration by Matthew Lewis, the attorney for Todd Vowell, who explains that Todd Vowell was scheduled to be deposed but was served with a grand jury subpoena by the FBI in connection with its investigation "into conduct related to online poker websites" and that because Todd Vowell could not be ruled out as a potential subject or target of the on-line poker website investigation,

he asserted his Fifth Amendment rights and refused to appear for the Receiver's deposition. **Therefore, the Government is essentially relying on a declaration filed by the attorney for Todd Vowell, who is the very target of the Government's own criminal investigation.** Mr. Lewis's declaration further indicates that Todd Vowell is a potential target of a criminal investigation in Utah related to the criminal action pending against Jeremy Johnson related to the FTC's allegations in the FTC Action. A true and correct copy of the Declaration of Matthew Lewis which was attached as Exhibit 3 in support of the Jason Vowell Pleading (Doc. No. 637-3 in the FTC Action) is attached hereto as Exhibit A. Although not referenced in the Matthew Lewis Declaration, the same facts apply to Jason Vowell.

WHEREFORE, the Receiver respectfully submits the motion to strike the Receiver's Verified Claim should be denied, or if granted, then leave should be given to the Receiver to file an amended claim further detailing the Receiver's rights and claims to the Subject Entities who own the accounts in question.

Dated: August 21, 2012            MCKENNA LONG & ALDRIDGE LLP

                                  By: ___/s/Gary Owen Caris___
                                      Gary Owen Caris, Esq. (pro hac vice)
                                      Lesley Anne Hawes, Esq. (pro hac vice)
                                      300 South Grand Avenue, 14th Floor
                                      Los Angeles, California 90071-3124
                                      Tel: (213) 688-1000
                                      Fax: (213) 243-6330

                                        -and-

                                      Christopher F. Graham, Esq.
                                      Alan F. Kaufman, Esq.
                                      MCKENNA LONG & ALDRIDGE LLP
                                      230 Park Avenue, Suite 1700
                                      New York, New York 10169
                                      Tel.: (212) 922-1800
                                      Fax: (212) 922-1819
                                      *Attorneys for Claimant*
                                      *Robb Evans of Robb Evans & Associates LLC*