UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,                :
                                         :
                Plaintiff,               :    11 Civ. 2564 (LBS)
v.                                       :
                                         :
POKERSTARS, et al.,                      :
                                         :    CLAIMANT AVOINE - SERVICO DE
                Defendants;              :    CONSULTADORIA E MARKETING, LDA'S
                                         :    VERIFIED ANSWER TO THE VERIFIED
ALL RIGHT, TITLE AND INTEREST IN         :    SECOND AMENDED COMPLAINT
THE ASSETS OF POKERSTARS, et al.,        :
                                         :
                Defendants-in-rem.       :    JURY TRIAL DEMANDED
-------------------------------------------------------x

Claimant, Avoine – Service de Consultadoria e Marketing, LDA ("Avoine"), by and through its undersigned attorneys, Trachtenberg Rodes & Friedberg LLP, as and for its answer to the Verified Second Amended Complaint ("Complaint") pursuant to its restricted appearance in this matter:

1.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 1 through 10 of the Complaint.

2.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of the Complaint, except denies that the property in which Avoine claims an interest ("Avoine's Property Interest") is subject to forfeiture.

3.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 12 through 15 of the Complaint.

4.  Denies the allegations set forth in paragraph 16 of the Complaint, except admits that a First Amended Complaint was filed on or about September 21, 2011, and refers the Court thereto for its true and complete contents.

1

5. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 17 through 20 of the Complaint.

6. Denies that any response to paragraphs 21 through 23 of the Complaint is required insofar as those paragraphs set forth conclusions of law, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in those paragraphs.

7. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 21 through 30 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 31 of the Complaint, except admits upon information and belief that, in or about 2007, the assets of SGS (BVI) Inc. ("SGS") – which then included, without limitation, all of the computer hardware and software and other intellectual property associated with the operation of the Absolute Poker online poker business, along with all of the equity in certain SGS subsidiaries, to wit Panora Tech Belize, Inc. ("Panora"), Fiducia Exchange Ltd. ("Fiducia") and Momentum Technologies Inc. ("Momentum") (the "Absolute Poker Assets") – were assigned to Avoine.

9. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 32 through 83 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 84 through 91 of the Complaint, except admit that Avoine's Property Interest includes an interest in some or all of the computer hardware and software, and other intellectual property, referred to in those paragraphs, including the domain name www.absolutepoker.com.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 85 through 218 of the Complaint.

12. In response to paragraph 219 of the Complaint, repeats and realleges its responses to paragraphs 1 through 218 of the Complaint as if set forth verbatim herein.

13. Denies that any response to paragraphs 220 through 223 of the Complaint is required insofar as those paragraphs set forth conclusions of law, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in those paragraphs.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 224 and 225 of the Complaint, except denies that Avoine's Property Interest is subject to forfeiture.

15. In response to paragraph 226 of the Complaint, repeats and realleges its responses to paragraphs 1 through 218 of the Complaint as if set forth verbatim herein.

16. Denies that any response to paragraphs 227 through 230 of the Complaint is required insofar as those paragraphs set forth conclusions of law, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in those paragraphs.

17. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 231 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 232 of the Complaint, except denies that Avoine's Property Interest is subject to forfeiture.

19. In response to paragraph 233 of the Complaint, repeats and realleges its responses to paragraphs 1 through 218 of the Complaint as if set forth verbatim herein.

20. Denies that any response to paragraphs 234 through 238 of the Complaint is required insofar as those paragraphs set forth conclusions of law, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in those paragraphs.

21. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 239 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 240 of the Complaint, except denies that Avoine's Property Interest is subject to forfeiture.

23. In response to paragraph 241 of the Complaint, repeats and realleges its responses to paragraphs 1 through 218 of the Complaint as if set forth verbatim herein.

24. Denies that any response to paragraphs 242 through 245 of the Complaint is required insofar as those paragraphs set forth conclusions of law, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in those paragraphs.

25. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 246 and 247 of the Complaint.

26. In response to paragraph 248 of the Complaint, repeats and realleges its responses to paragraphs 1 through 218 of the Complaint as if set forth verbatim herein.

27. Denies that any response to paragraphs 249 through 251 of the Complaint is required insofar as that paragraph sets forth conclusions of law, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that paragraph.

28. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 252 of the Complaint, except denies that Avoine's Property Interest is subject to forfeiture.

29. In response to paragraph 253 of the Complaint, repeats and realleges its responses to paragraphs 1 through 218 of the Complaint as if set forth verbatim herein.

30. Denies that any response to paragraphs 254 through 256 of the Complaint is required insofar as that paragraph sets forth conclusions of law, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that paragraph.

31. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 257 of the Complaint, except denies that Avoine's Property Interest is subject to forfeiture.

32. In response to paragraph 258 of the Complaint, repeats and realleges its responses to paragraphs 1 through 218 of the Complaint as if set forth verbatim herein.

33. Denies that any response to paragraphs 259 through 261 of the Complaint is required insofar as that paragraph sets forth conclusions of law, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that paragraph.

34. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 262 of the Complaint, except denies that Avoine's Property Interest is subject to forfeiture.

35. In response to paragraph 263 of the Complaint, repeats and realleges its responses to paragraphs 1 through 218 of the Complaint as if set forth verbatim herein.

36. Denies that any response to paragraphs 264 through 266 of the Complaint is required insofar as that paragraph sets forth conclusions of law, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that paragraph.

37. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 267 of the Complaint, except denies that Avoine's Property Interest is subject to forfeiture.

38. In response to paragraph 268 of the Complaint, repeats and realleges its responses to paragraphs 1 through 218 of the Complaint as if set forth verbatim herein.

39. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 269 through 272 of the Complaint.

40. In response to paragraph 273 of the Complaint, repeats and realleges its responses to paragraphs 1 through 218 of the Complaint as if set forth verbatim herein.

41. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 274 through 277 of the Complaint.

42. In response to paragraph 278 of the Complaint, repeats and realleges its responses to paragraphs 1 through 218 of the Complaint as if set forth verbatim herein.

43. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 279 through 282 of the Complaint.

44. In response to paragraph 283 of the Complaint, repeats and realleges its responses to paragraphs 1 through 218 of the Complaint as if set forth verbatim herein.

45. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 284 through 287 of the Complaint.

46.     In response to paragraph 288 of the Complaint, repeats and realleges its responses to paragraphs 1 through 218 of the Complaint as if set forth verbatim herein.

47.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 289 through 292 of the Complaint, except denies that Avoine's Property Interest is subject to forfeiture.

## FIRST AFFIRMATIVE DEFENSE

48.     To the extent that the Complaint seeks forfeiture to the plaintiff of Avoine's Property Interest, it fails to state a claim.

## SECOND AFFIRMATIVE DEFENSE

49.     Upon information and belief:

a.      By in or about 2006, SGS (BVI) Inc. ("SGS") was the parent company in the corporate structure of the Absolute Poker business, and was owned by about 250 shareholders who had, between 2001 and 2006, invested millions of dollars to develop the Absolute Poker brand and intellectual property.  As of 2006, SGS owned several subsidiaries, including Fiducia Exchange Ltd., a Malta limited liability company ("Fiducia"), Momentum Technologies, Inc., a British Virgin Islands corporation ("Momentum"), and Panora Tech Belize Inc., a Belize corporation ("Panora") (Fiducia, Momentum and Panora referred to herein as the "Subsidiaries").  As of 2006, the assets of SGS and the Subsidiaries included, among other things, computer hardware and software developed and used in the worldwide operation of the Absolute Poker business, the www.absolutepoker.com domain name and other domain names incorporating the word "absolutepoker," and other intellectual property (the "AP Assets").

b.      In or about October 2006, SGS divested itself of those of its subsidiaries that were involved in the operation of the Absolute Poker business, including the Belize

7

entity called Absolute Entertainment S.A. ("A.E."). More specifically, SGS transferred its stock in Absolute Entertainment to an unrelated British Virgin Islands company called Blue Industrial Services Ltd. ("Blue Industrial") in consideration of Blue Industrial's payment of a $1 million purchase price, and simultaneously entered into a license agreement with Blue Industrial and Absolute Entertainment pursuant to which SGS gave to Blue Industrial and Absolute Entertainment a license to use SGS's AP Assets in consideration of periodic royalty payments.

  c.  In 2007, in a reorganization of its affairs, SGS assigned and transferred the AP Assets, along with all of SGS's equity in the Subsidiaries, to Avoine and, at substantially the same time, SGS's shareholders became shareholders in Avoine's parent company, a Norwegian company called Madeira Fjord AS ("MFAS"). Upon the consummation of those transactions, Avoine was owner of the AP Assets, and the licensor of those assets to Blue Industrial and Absolute Entertainment.

  d.  Contemporaneously, in 2007, Avoine entered into agreements (the "Avoine-Absolute Sale") with its licensee, Absolute Entertainment, pursuant to which, among other things, Avoine sold to Absolute Entertainment (a) all of the equity it owned in the Subsidiaries, and (b) all of the AP Assets, in consideration of which Absolute Entertainment delivered to Avoine two promissory notes obligating Absolute Entertainment to pay Avoine, in the aggregate, $250 million plus interest. Avoine retained a security interest in the stock and assets sold to Absolute Entertainment to secure payment of the sums due under the two promissory notes.

  e.  In or about December 2008, in part due to Absolute Entertainment's defaults under the promissory notes, Avoine and Absolute Entertainment executed an agreement rescinding the 2007 Avoine-Absolute Sale. Upon execution of that

agreement, Avoine had regained legal ownership of the AP Assets, and had resumed its licensor-licensee relationship with Absolute Entertainment.

   f. In or about 2010, again because of Absolute Entertainment's inability to pay royalties to Avoine, Avoine exercised its rights as owner and licensor of the AP Assets by authorizing a transfer of the license thereof to Blanca Games, an entity wholly unrelated to Absolute Entertainment (or to Avoine).

  50. From and after October 2006 – when Avoine's predecessor, SGS, divested itself of Absolute Entertainment – and continuing to the present, Avoine has not been the operator of the Absolute Poker website, but has been in the business solely of licensing or otherwise attempting to monetize the value of its intellectual property – i.e., the AP Assets.

  51. During that time frame, all operation of the Absolute Poker online poker business has been carried out by unrelated companies who licensed the AP Assets from Avoine.

  52. On information and belief, neither Avoine nor its management knew of the allegedly wrongful conduct upon which the plaintiff's forfeiture claim is predicated.

  53. In or about May 2011, Madeira was declared bankrupt by Oslo byfogdembete (the "Norwegian Bankruptcy Court") pursuant to a proceeding identified as No. 11-076587KON-OBYF/1: Madeira Fjord.  *See* Exhibit A.  By the same order, Thomas S. Brandi, an attorney and partner in the bankruptcy department of one of Norway's largest law firms, was appointed insolvency administrator (i.e., trustee) of the Estate.  *See* Exhibit A.  In addition, Mr. Brandi was contemporaneously appointed sole director and Chairman of Avoine.

  54. Norwegian tax authorities have asserted a claim in the MFAS Bankruptcy Case alleging that, based on the transactions described above involving the AP Assets (among other things), MFAS is obligated to pay taxes totaling in excess of 175 million Norwegian Krone (roughly US$30 million).  In other words, the Norwegian government has recognized Avoine's

interest in the AP Assets and Subsidiaries, as well as the income that accrued to Avoine as a result of the transactions summarized above, and has levied taxes upon MFAS based thereon.

55. Accordingly, to the extent that the Complaint seeks forfeiture to the plaintiff of Avoine's Property Interest, plaintiff's claim is barred because, upon information and belief, Avoine is an innocent owner pursuant to 18 U.S.C. §983(d).

### THIRD AFFIRMATIVE DEFENSE

56. To the extent that the Complaint seeks forfeiture to the plaintiff of Avoine's Property Interest, plaintiff's claim is, upon information and belief, barred under the Eighth Amendment to the Constitution of the United States.

Avoine reserves the right to amend its answer to assert additional affirmative defenses.

WHEREFORE Avoine requests that judgment be entered:

A. dismissing the Complaint to the extent that it seeks forfeiture to the plaintiff of Avoine's Property Interest;

B. awarding Avoine its costs, and including attorneys' fees and expenses;

C. granting to Avoine such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 19, 2012

**TRACHTENBERG RODES & FRIEDBERG LLP**
Attorneys for Avoine – Servico de Consultadoria e Marketing, LDA

By: *Leonard A. Rodes /s/*
Leonard A. Rodes (LR3675)
545 Fifth Avenue
New York, New York  10017
(212) 972-2929
(212) 972-7581 fax
lrodes@trflaw.com

## VERIFICATION

I, THOMAS STEEN BRANDI, as chairman of the board of directors of Avoine – Servico de Consultadoria e Marketing, LDA, hereby declare under penalty of perjury, pursuant to 28 U.S.C. 1746, that the foregoing CLAIMANT AVOINE - SERVICO DE CONSULTADORIA E MARKETING, LDA'S VERIFIED ANSWER TO THE VERIFIED SECOND AMENDED COMPLAINT is true to the best of my knowledge, information and belief.

Dated: Oslo, Norway
October 19, 2012

_____
Thomas Steen Brandi

# EXHIBIT A



# OSLO BYFOGDEMBETE

2 6 MAI 2011

**Dok 13**

Advokat Thomas Steen Brandi
Advokatfirmaet Selmer DA
Postboks 1324 Vika

0112 OSLO

| Deres referanse | Vår referanse | Dato |
|---|---|---|
| | 11-076587KON-OBYF/1 | 25.05.2011 |

**11-076587 KON: - Madeira Fjord AS**

To whom it may concern.

Oslo County Court hereby declares that bankruptcy proceedings were instituted against Madeira Fjord AS on May 10, 2011.

Attorney at Law, Thomas Steen Brandi, Oslo, Norway, has been appointed trustee of the said bankruptcy estate of Madeira Fjord AS. The trustee has the power of attorney to represent the estate in all matters, including the collection of all outstanding claims and accounts of the estate.

Oslo County Court

Lars Borge-Andersen
dommer (judge)

Postadresse: Postboks 8003 Dep., 0030 Oslo
Kontoradresse: Oslo tinghus, C.J. Hambros plass 4, Oslo
Sentralbord: 22 99 92 00
Telefaks: 22 99 93 00
Saksbehandler: May Torill Eriksen
Telefon:
Bankgiro:
Ekspedisjonstid: 08.00-15.45 (08.00-15.00)
Organisasjonsnummer: 974713576
Internett/E-post: www.domstol.no/obyf
oslo.byfogdembete@domstol.no