```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
  UNITED STATES OF AMERICA,          :

                  Plaintiff,         :    STIPULATION AND ORDER
                                          OF SETTLEMENT IN REGARD
          - v. -                     :    TO RAFAEL FURST AND
                                          TELAMONIAN AJAX TRUST
  POKERSTARS, et al.,                :

                  Defendants;        :    11 Civ. 2564 (LBS) (KMW)

  ALL RIGHT, TITLE AND INTEREST IN THE :
  ASSETS OF POKERSTARS, et al.,
                                     :
                  Defendants-in-rem.
                                     :
- - - - - - - - - - - - - - - - - - x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/12

WHEREAS, on or about April 14, 2011, a verified complaint, 11 Civ. 2564 (LBS) was filed under seal in the United States District Court for the Southern District of New York seeking the forfeiture of various assets pursuant to Title 18, United States Code, Sections 1955(d), 981(a)(1)(A), and 981(a)(1)(C);

WHEREAS, on or about September 21, 2011, a verified amended complaint in this action (the "Amended Complaint") was filed seeking the forfeiture of, inter alia, all right, title, and interest in account numbered CH87 0875 5057 0684 0010 0 held at Pictet & Co Bankers, Switzerland, in the name of Telamonian Ajax Trust (the "Trust Account"), an account controlled by, and for the benefit of, Rafael Furst ("Furst"), and all funds traceable thereto (the "Defendant Property");

WHEREAS, the Amended Complaint also sought a civil money laundering penalty judgment of $11,706,323.96 against Furst, with that amount representing the sum of alleged criminal proceeds transferred to Furst from defendant entity Full Tilt Poker;

WHEREAS, Furst contends that Full Tilt Poker was a legitimate business providing services to its customers within the bounds of the law;

WHEREAS, on or about October 18, 2011, the United States provided notice of the filing of the Amended Complaint to Furst;

WHEREAS, on or about October 31, 2011, Furst waived service of the Amended Complaint and summons in this matter, and such waiver was docketed on November 11, 2011;

WHEREAS, on or about November 28, 2011, Furst filed a verified claim for the Defendant Property, asserting an ownership in said property;

WHEREAS, on or about November 28, 2011, Telamonian Ajax Trust (the "Trust") filed a verified claim for the Defendant Property, asserting an ownership in said property (Furst and the Trust, collectively, the "Claimants";,

WHEREAS, Furst contends that he was unaware of any wrongful activity at Full Tilt or that the company had become unable to satisfy its player account liabilities;

2

WHEREAS, Claimants, admitting no wrongdoing in connection herewith, have agreed to settle this matter;

WHEREAS, victims of offenses alleged in this action to have been committed by Full Tilt Poker will have the opportunity to file petitions with U.S. Department of Justice, Asset Forfeiture and Money Laundering Section ("DOJ"), for remission of forfeiture, including with respect to the funds forfeited by Claimants pursuant to the Stipulated Order of Settlement, pursuant to Title 18, United States Code, Section 981 and Title 28, Code of Federal Regulations, Part 9, to seek compensation for their losses:

IT IS HEREBY STIPULATED, ORDERED AND AGREED, by and between Plaintiff United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorneys, Sharon Cohen Levin, Michael D. Lockard, and Jason H. Cowley, of counsel, and the Claimants, by their counsel, David Angeli, Esq., that:

1. The Claimants agree to forfeit to the United States all funds in the Trust Account (the "Trust Account Funds") for disposition according to law, pursuant to Title 18, United States Code, Section 981, without admitting any liability thereunder. The Claimants agree to take all necessary steps to facilitate the immediate transfer of the Trust Account Funds to the U.S. Marshal Service. Furst agrees to the entry of a civil forfeiture judgment in the amount of $150,000 ("the Additional Funds") and to the

forfeiture of such funds for disposition according to law, pursuant to Title 18, United States Code, Section 981, without admitting any liability thereunder.  Furst and the U.S. Attorney's Office for the Southern District of New York (the "Office") shall implement a payment schedule for the Additional Forfeited Funds.

       2.   Furst further agrees not work for, or derive money from, either directly or indirectly, through the operation of any internet gambling business in the United States, including businesses offering internet poker in the United States, until if and when a change in applicable law takes place making the offering of such gambling lawful in the United States and Furst, or whatever entity with which he is affiliated, obtains appropriate authorization from all relevant governmental regulatory authorities.

       3.   The Claimants are hereby barred from asserting any claim against the United States or any of its agents and employees (including, without limitation, the Federal Bureau of Investigation ("FBI") and the United States Attorney's Office for the Southern District of New York ("USAO-SDNY")) in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the Defendant Property (including the Trust Account Funds) or the Additional Funds, including, without limitation, any claim that the United States did not have probable cause to seize

and/or forfeit the Defendant Property or the Additional Funds, that the Claimants are prevailing parties or that the Claimants are entitled to attorneys' fees or any award of interest.

4. The Claimants represent that they are the sole owners of the Defendant Property and the Additional Funds, and agree to hold harmless the United States and any and all of its agents and employees (including, without limitation, the FBI and the USAO-SDNY) from any and all third-party claims in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the Defendant Property or the Additional Funds.

5. The Claimants hereby withdraw their claims and agree that they shall not file any claim or petition for restoration or remission relative to the Trust Account Funds or the Additional Funds, or any action or motion seeking to collaterally attack the seizure, restraint, or forfeiture of the Trust Account Funds or the Additional Funds. Furthermore, the parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order of Settlement.

6. This Stipulation and Order of Settlement shall in no way be deemed an admission of culpability, liability, or guilt on behalf of the Claimants. Further, this Stipulation and Order of Settlement shall in no way constitute any reflection upon the merits of the claims and defenses asserted respectively by the United States

and the Claimants.

7.  Upon the United States' receipt of the Trust Account Funds, which the United States shall note through a filing on the docket, the *in rem* forfeiture action against the Defendant Property and the civil money laundering claims against Furst shall be dismissed with prejudice.  The United States Attorney's Office for the Southern District of New York agrees that it will not bring any other civil claims against Claimants relating to or arising out of the facts alleged in the Amended Complaint.  Accordingly, this Stipulation and Order of Settlement fully and finally resolves this action as to the Defendant Property and the Claimants.

8.  Each party shall bear its own costs and attorneys' fees.

9. The signature pages of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Signature pages may be by fax and such signatures shall be deemed as valid originals.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____ (For)       11/16/12
    Sharon Cohen Levin                         DATE
    Michael D. Lockard
    Jason H. Cowley
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, New York 10007
    (212) 637-1060/2193/2479

[ADDITIONAL SIGNATURES ON FOLLOWING PAGE]

RAFAEL FURST

_____     11/12/12
Rafael Furst                         ————————
                                     DATE

TELAMONIAN AJAX TRUST

By: _____      11.13.12
    Orlando Medina                    ————————
                                      DATE
    Trustee


By: _____      ————————
    David Angeli                      DATE
    Angeli Law Group LLC
    Suite 400
    Portland, OR 97204
    (503) 954-2232
    Attorney for Claimants


SO ORDERED:


_____      11-27-12
HONORABLE ~~LEONARD B. SAND~~ KIMBA M. WOOD    ————————
UNITED STATES DISTRICT JUDGE          DATE

8

RAFAEL FURST

_____        _____
Rafael Furst                               DATE


TELAMONIAN AJAX TRUST

By:  _____
     Orlando Medina                        _____
                                           DATE
     Trustee



By:  _____   11/15/2012
     David Angeli                          DATE
     Angeli Law Group LLC
     Suite 400
     Portland, OR 97204
     (503) 954-2232
     Attorney for Claimants


SO ORDERED:


_____        11-27-12
HONORABLE ~~LEONARD B. SAND~~ KIMBA M. WOOD   DATE
UNITED STATES DISTRICT JUDGE


8