USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED 12/18/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,                :

        Plaintiff,    :    STIPULATION AND ORDER
                                  OF SETTLEMENT IN REGARD
     - v. -            :    TO HOWARD LEDERER

POKERSTARS, et al.,             :
                                  11 Civ. 2564 (KMW)
        Defendants;   :

ALL RIGHT, TITLE AND INTEREST IN THE  :
ASSETS OF POKERSTARS, et al.,
                            :
        Defendants-in-rem.
                            :
- - - - - - - - - - - - - - - - - - x

       WHEREAS, on or about April 14, 2011, a verified complaint, 11 Civ. 2564 (LBS) was filed under seal in the United States District Court for the Southern District of New York seeking the forfeiture of various assets pursuant to Title 18, United States Code, Sections 1955(d), 981(a)(1)(A), and 981(a)(1)(C);

       WHEREAS, on or about September 21, 2011, a verified amended complaint was filed in this action;

       WHEREAS, on or about September 10, 2012, a verified second amended complaint (the "Complaint") was filed in this action, seeking the forfeiture of, *inter alia*, all right, title, and interest in the following property:

        a.    Account numbered 7655741861 held at Wells Fargo Bank, N.A., in the name of HH Lederer Consulting LLC, and all funds traceable thereto;

b.  Account numbered GB56LOYD30166314010402 held at Lloyds TSB International, Isle of Mann, in the name of Howard Lederer, and all funds traceable thereto (the "Lloyds 0402 Account");

c.  Account numbered 2700009400, held at Wells Fargo Bank, in the name of Howard and Susan Lederer;

d.  Account numbered 7106065, held at Wells Fargo Bank, in the name of Susan Lederer, and all funds traceable thereto;

e.  The real property and appurtenances, with all improvements and attachments thereon, located at 99 Hawk Ridge Drive, Las Vegas, Nevada, 89135 (the "Hawk Ridge Property");

f.  The real property and appurtenances, with all improvements and attachments thereon, located at 55 Skybird Court, Las Vegas, Nevada, 89135 (the "Skybird Property");

g.  The real property and appurtenances, with all improvements and attachments thereon, located at 2735 Twin Palms Circle, Las Vegas, Nevada, 89117 (the "Twin Palms Property");

h.  The real property and appurtenances, with all improvements and attachments thereon, located at 5426 Fawn Chase Way, Las Vegas, Nevada, 89135 (the "Fawn Chase Property");

i.  The real property and appurtenances, with all improvements and attachments thereon, located at 309 Kingsclear Court, Las Vegas, Nevada 89145 (the "Kingsclear Property");

j.  The real property and appurtenances, with all improvements and attachments thereon, located at 6572 Sodalite Street, El Dorado, California, 95623;

k.  Accounts in the name of or belonging to Howard Lederer at LPL Financial, including the Howard Henry Lederer 401K Profit Sharing Plan & Trust (the "LPL Financial Accounts");

l.  2008 Audi Q7, VIN number WA1BV7L88D028831;

    m.  2008 Audi A8L, VIN number WAUMR94E38N014682;

    n.  2009 Audi A8, VIN number WAUMV94E39N000942;

    o.  2012 Audi A8-L, VIN number WAUR4AFD7CN000819;

    p.  1965 Shelby Cobra roadster, VIN number DMV52285NV (the "Shelby Cobra");

(collectively, the "Defendant Property");

  WHEREAS, the Amended Complaint also sought a civil money laundering penalty judgment of $42.5 million against Howard Lederer ("Lederer"), with that amount representing the sum of alleged criminal proceeds transferred to Lederer from Full Tilt Poker;

  WHEREAS, on or about October 18, 2011, the United States provided notice of the filing of the original complaint to Lederer;

  WHEREAS, on or about October 31, 2011, Lederer waived service of the complaint and summons in this matter, and such waiver was docketed on November 11, 2011;

  WHEREAS, Lederer filed a verified claim and an amended verified claim for the Defendant Property on or about November 28, 2011, and November 15, 2012, respectively, asserting an ownership in said property;

  WHEREAS, Lederer contends that Full Tilt Poker was a legitimate business providing services to its customers within the bounds of the law, and that prior to April 15, 2011, he was unaware of any wrongful activity at Full Tilt including that the company had become unable to satisfy its player account liabilities;

WHEREAS, Lederer, admitting no wrongdoing in connection herewith, has agreed to settle this matter;

WHEREAS, victims of offenses alleged in this action to have been committed by Full Tilt Poker will have the opportunity to file petitions with U.S. Department of Justice, Asset Forfeiture and Money Laundering Section ("DOJ"), for remission of forfeiture, including with respect to the funds forfeited by Claimants pursuant to the Stipulated Order of Settlement, pursuant to Title 18, United States Code, Section 981 and Title 28, Code of Federal Regulations, Part 9, to seek compensation for their losses:

IT IS HEREBY STIPULATED, ORDERED AND AGREED, by and between Plaintiff United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorneys, Sharon Cohen Levin, Michael D. Lockard, Jason H. Cowley and Andrew D. Goldstein, of counsel, and Lederer, by his counsel, Elliot Peters, Esq., that:

    1.    Lederer agrees to forfeit to the United States the following of the Defendant Property for disposition according to law, pursuant to Title 18, United States Code, Section 981, without admitting any liability thereunder:

        a.    All funds in the Lloyds 0402 Account;

        b.    All funds in the LPL Financial Accounts;

      c.    The Shelby Cobra;

      d.    The Kingsclear Property;

      e.    $30,000 in United States currency, representing proceeds traceable to the sale of the Fawn Chase Property;

      f.    All proceeds traceable to the sale of the Twin Palms Property, less any outstanding mortgage amount owed, provided that the Twin Palms Property is sold within 120 days from the entry of this Stipulation and Order of Settlement for a price not less than $440,000. Alternatively, if the Twin Palms Property is not sold during that time period for an amount not less than $440,000, the Twins Palm Property itself shall be forfeited to the United States;

(collectively, the "Forfeited Property"). Lederer agrees to take all necessary steps to facilitate the immediate transfer of the Forfeited Property to the U.S. Marshals Service.

      2.    Lederer agrees to immediately liquidate all funds and other assets in his remaining accounts at Lloyds, which (not including the Lloyds 0402 Account) have a current total approximate U.S. dollar value of $168,000 (the "Liquidated Funds").

      3.    Lederer agrees to the entry of a civil money laundering penalty judgment in the amount of $1.25 million (the

"Additional Funds"), plus the Liquidated Funds (together, the "Money Judgment Funds"), and to the forfeiture of the Money Judgment Funds for disposition according to law, pursuant to Title 18, United States Code, Section 981, without admitting any liability thereunder. Within three days of the liquidation of the Liquidated Funds, Lederer shall pay to the United States the full value of the Liquidated Funds. Within three days of the entry of this Stipulation and Order of Settlement, Lederer shall execute a promissory note for the Additional Funds (the "Note"). The Note shall specify that $500,000 of the Additional Funds shall be due no later than 18 months from the date of the entry of this Stipulation and Order of Settlement and that the remaining $750,000 shall be due no later than 36 months from the date of the entry of this Stipulation and Order of Settlement. The Note shall be secured by the Skybird Property and the Hawk Ridge Property. The Note shall specify, and it is hereby ordered, that if either or both of those properties is sold within 36 months of the date of the entry of this Stipulation and Order of Settlement, the entire $1.25 million shall be due and owning immediately upon such sale.

    4. Lederer further agrees not to work for, or derive money from, either directly or indirectly, through the operation of any internet gambling business in the United States, including businesses offering internet poker in the United States, until if

6

and when a change in applicable law takes place making the offering of such gambling lawful in the United States and Lederer, or whatever entity with which he is affiliated, obtains appropriate authorization from all relevant governmental regulatory authorities.

5. Lederer is hereby barred from asserting any claim against the United States or any of its agents and employees (including, without limitation, the Federal Bureau of Investigation ("FBI") and the United States Attorney's Office for the Southern District of New York ("USAO-SDNY")) in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the Defendant Property or the Money Judgment Funds, including, without limitation, any claim that the United States did not have probable cause to seize and/or forfeit the Defendant Property or the Money Judgment Funds, that Lederer is a prevailing party or that Lederer is entitled to attorneys' fees or any award of interest.

6. Lederer represents that (along with his spouse) he is the sole owner of the Defendant Property and the Money Judgment Funds, and agrees to hold harmless the United States and any and all of its agents and employees (including, without limitation, the FBI and the USAO-SDNY) from any and all third-party claims in connection with or arising out of the United States' seizure, restraint, and/or

constructive possession of the Defendant Property or the Money Judgment Funds.

7. Lederer hereby withdraws his claims in regard to the Forfeited Property, withdraws all pending motions in this action, and agrees that he shall not file any claim or petition for restoration or remission relative to the Forfeited Property or the Money Judgment Funds, or any action or motion seeking to collaterally attack the seizure, restraint, or forfeiture of the Forfeited Property or the Money Judgment Funds. Furthermore, the parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order of Settlement.

8. This Stipulation and Order of Settlement shall in no way be deemed an admission of culpability, liability, or guilt on behalf of Lederer. Further, this Stipulation and Order of Settlement shall in no way constitute any reflection upon the merits of the claims and defenses asserted respectively by the United States and Lederer.

9. Upon the United States' taking possession of the entirety of the Forfeited Property, which the United States shall note through a filing on the docket, the *in rem* forfeiture action against the remaining Defendant Property and the civil money laundering claims against Lederer shall be dismissed with prejudice. The United States Attorney's Office for the Southern District of New

York agrees that it will not bring any other civil claims against Lederer relating to or arising out of the facts alleged in the Complaint. Accordingly, this Stipulation and Order of Settlement fully and finally resolves this action as to the Defendant Property and Lederer.

10. Each party shall bear its own costs and attorneys' fees.

11. The signature pages of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Signature pages may be by fax and such signatures shall be deemed as valid originals.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____  12/14/12
Sharon Cohen Levin                    DATE
Michael D. Lockard
Jason H. Cowley
Andrew D. Goldstein
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
(212) 637-1060/2193/2479/1559

[ADDITIONAL SIGNATURES ON FOLLOWING PAGE]

HOWARD LEDERER

_/s/ Howard Lederer_  
Howard Lederer

12/13/12  
DATE

By: _/s/ Elliot Peters_  
Elliot Peters  
Keker & Van Nest LLP  
633 Battery Street  
San Francisco, CA 94111-1809  
415-391-5400 Attorney for Claimant

12/13/12  
DATE

SO ORDERED:

_/s/ Kimba M. Wood_  
HONORABLE KIMBA M. WOOD  
UNITED STATES DISTRICT JUDGE

12-17-12  
DATE

10