USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,                :

             Plaintiff,         :   STIPULATION AND ORDER
                                                 OF SETTLEMENT IN REGARD
      - v. -                          :   TO CHRISTOPHER FERGUSON

POKERSTARS, et al.,                      :   11 Civ. 2564 (KMW) (~~LBS~~)

             Defendants;        :

ALL RIGHT, TITLE AND INTEREST IN THE      :
ASSETS OF POKERSTARS, et al.,

             Defendants-in-rem. :

- - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about April 14, 2011, a verified complaint, 11 Civ. 2564 (LBS) was filed under seal in the United States District Court for the Southern District of New York seeking the forfeiture of various assets pursuant to Title 18, United States Code, Sections 1955(d), 981(a)(1)(A), and 981(a)(1)(C);

        WHEREAS, on or about September 21, 2011, a verified amended complaint in this action was filed seeking the forfeiture of, inter alia, all right, title, and interest in the funds held in Account numbered 40039049628 held at Citibank, N.A., in the name of Christopher Ferguson (the "Ferguson Account"), and all funds traceable thereto;

        WHEREAS, on or about September 10, 2012, a verified second amended complaint (the "Complaint") was filed seeking the forfeiture

C.F.

of funds held in the Ferguson Account, and all funds traceable thereto, and also sought a civil money laundering penalty judgment of $42 million against Christopher Ferguson ("Ferguson"), with that amount representing the sum of alleged criminal proceeds transferred to Ferguson from defendant entity Full Tilt Poker;

WHEREAS, Ferguson contends that Full Tilt Poker was a legitimate business providing services to its customers within the bounds of the law;

WHEREAS, on or about October 18, 2011, the United States provided notice of the filing of the Complaint to Ferguson;

WHEREAS, on or about October 31, 2011, Ferguson waived service of the Amended Complaint and summons in this matter, and such waiver was docketed on November 11, 2011;

WHEREAS, on or about November 28, 2011, Ferguson filed a verified claim for the Ferguson Account Funds, asserting an ownership in said property;

WHEREAS, Ferguson contends that he was unaware of any wrongful activity at Full Tilt or that the company had become unable to satisfy its player account liabilities;

WHEREAS, Ferguson, admitting no wrongdoing in connection herewith, has agreed to settle this matter;

C.F.

WHEREAS, after April 13, 2011, Ferguson represents that he forgave approximately $14 million in dividends owed to him by Full Tilt, and Ferguson represents this was done with his expectation that these funds would be used pay players for monies held at Full Tilt;

WHEREAS, victims of offenses alleged in this action to have been committed by Full Tilt Poker will have the opportunity to file petitions with U.S. Department of Justice, Asset Forfeiture and Money Laundering Section ("DOJ"), for remission of forfeiture, including with respect to the funds forfeited by Ferguson pursuant to the Stipulated Order of Settlement, pursuant to Title 18, United States Code, Section 981 and Title 28, Code of Federal Regulations, Part 9, to seek compensation for their losses; and

WHEREAS, the DOJ is in the process of engaging a claims administrator to facilitate this remission process;

IT IS HEREBY STIPULATED, ORDERED AND AGREED, by and between Plaintiff United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorneys, Sharon Cohen Levin, Michael D. Lockard, and Jason H. Cowley, of counsel, and Ferguson, by his counsel, Jonathan Harris, Esq., that:

1. Ferguson agrees to forfeit to the United States all funds in the Ferguson Account (the "Ferguson Account Funds") for disposition according to law, pursuant to Title 18, United States

C.F.

Code, Section 981, without admitting any liability thereunder. Ferguson agrees to take all necessary steps to facilitate the immediate transfer of the Ferguson Account Funds to the U.S. Marshal Service. Ferguson further agrees to forfeit the additional amount of $2,350,000 ("the Additional Funds") for disposition according to law, pursuant to Title 18, United States Code, Section 981, without admitting any liability thereunder. Ferguson shall make payment of the Additional Funds within 30 days of the entry of this Stipulated Order of Settlement.

2. Ferguson agrees to forfeit to the Government any remaining interest in, or claim to, dividends purportedly owed to him by Full Tilt Poker (the "Full Tilt Poker Funds").

3. Ferguson further agrees not to work for, or derive money from, either directly or indirectly, any business offering unlawful internet gambling in the United States. While Ferguson maintains that poker does not constitute gambling, Ferguson specifically agrees not to work for, or derive money from, either directly or indirectly, any business offering internet poker in the United States without such business having first obtained the appropriate authorization, as necessary, from all relevant governmental regulatory authorities in United States.

4. Ferguson is hereby barred from asserting any claim

4

C.F.

against the United States or any of its agents and employees (including, without limitation, the Federal Bureau of Investigation ("FBI") and the United States Attorney's Office for the Southern District of New York ("USAO-SDNY")) in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the Ferguson Account Funds, the Additional Funds, or the Full Tilt Funds, including, without limitation, any claim that the United States did not have probable cause to seize and/or forfeit the Ferguson Account Funds, the Additional Funds, or the Full Tilt Funds; that Ferguson was a prevailing party or that Ferguson is entitled to attorneys' fees or any award of interest.

5. Ferguson represents that he is the sole owner of the Ferguson Account Funds, the Additional Funds, and his interest in the Full Tilt Funds, and agrees to hold harmless the United States and any and all of its agents and employees (including, without limitation, the FBI and the USAO-SDNY) from any and all third-party claims in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the Ferguson Account Funds, the Additional Funds, or his interest in the Full Tilt Funds.

6. Ferguson hereby withdraw his claim and agrees that he shall not file any claim or petition for restoration or remission relative to the Ferguson Account Funds, the Additional Funds, or the

C.F.

Full Tilt Funds; or take any action or make any motion seeking to collaterally attack the seizure, restraint, or forfeiture of the Ferguson Account Funds, the Additional Funds, or his interest in the Full Tilt Funds. Furthermore, the parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order of Settlement.

7. This Stipulation and Order of Settlement shall in no way be deemed an admission of culpability, liability, or guilt on behalf of Ferguson. Further, this Stipulation and Order of Settlement shall in no way constitute any reflection upon the merits of the claims and defenses asserted respectively by the United States and Ferguson.

8. Upon the United States' receipt of the Ferguson Account Funds and the Additional Funds, which the United States shall note through a filing on the docket, the *in rem* forfeiture action against the Ferguson Account Funds and the civil money laundering claims against Ferguson shall be dismissed with prejudice. The United States Attorney's Office for the Southern District of New York agrees that it will not bring any other civil claims against Ferguson relating to or arising out of the facts alleged in the Amended Complaint. Accordingly, this Stipulation and Order of Settlement fully and finally resolves this action as to the Ferguson Account

C.F.

Funds and Ferguson.

9. Each party shall bear its own costs and attorneys' fees.

10. The signature pages of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Signature pages may be by fax and such signatures shall be deemed as valid originals.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____          2/11/13
Sharon Cohen Levin                          DATE
Michael D. Lockard
Jason H. Cowley
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
(212) 637-1060/2193/2479

[ADDITIONAL SIGNATURES ON FOLLOWING PAGE]

C.F.

CHRISTOPHER FERGUSON

_*Chris Ferguson*_             FEB 19, 2013
Christopher Ferguson             DATE

By: _*[signature]*_             February 19, 2013
Jonathan Harris             DATE
Julie Withers
Harris, O'Brien, St. Laurent
& Houghteling LLP
Attorneys for Ferguson


SO ORDERED:

_*Kimba M Wood*_             2-21-13
HONORABLE KIMBA M. WOOD             DATE
UNITED STATES DISTRICT JUDGE

8