USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA,         :   CONSENT ORDER OF FORFEITURE
                                  :   OF $50 MILLION IN
        - v.-                     :   UNITED STATES CURRENCY
                                  :
$50 MILLION IN UNITED STATES      :   11 Civ. 2564 (KMW)
CURRENCY,                         :
                                  :
        Defendant-in-rem.         :
                                  :
- - - - - - - - - - - - - - - - - x

   WHEREAS, on or about September 20, 2011, a verified first amended complaint, 11 Civ. 2564 (KMW) (the "Complaint") was filed in the United States District Court for the Southern District of New York seeking the forfeiture of, among other things, all assets of PokerStars, the Oldford Group Ltd., Rational Entertainment Enterprises Ltd., PYR Software Ltd., Stelekram Ltd., and Sphene International Ltd. (collectively the "PokerStars Companies"; their assets collectively the "PokerStars Defendant Property"), pursuant to Title 18, United States Code, Section 1955(d), 981(a)(1)(A), and 981(a)(1)(C), and the imposition of civil penalties, pursuant to Title 18, United States Code, Section 1956(b), against the PokerStars Companies;

   WHEREAS, on or about July 31, 2012, the Court entered a Stipulated Order of Settlement between the United States and the PokerStars Companies (the "PokerStars Settlement"), in which the PokerStars Companies denied all wrongdoing and pursuant to which the civil

penalty and forfeiture claims alleged in the Complaint against the PokerStars Companies and the PokerStars Defendant Property, respectively, were fully and finally resolved;

WHEREAS, at all relevant times Mark Scheinberg was and remains a legal and/or beneficial shareholder of the PokerStars Companies and received, directly and/or indirectly, distributions from the PokerStars Companies during the time frames alleged in the Complaint (together with Mark Scheinberg's legal and/or beneficial holdings in the PokerStars Companies, the "PokerStars Distributions," which does not include money that the PokerStars Companies paid to any person, other than Mark Scheinberg, in his or her capacity as a shareholder or otherwise);

WHEREAS, the United States alleges (and Mark Scheinberg disputes) that the PokerStars Distributions, in whole or in part, are or may be subject to forfeiture pursuant to, *inter alia*, Title 18, United States Code, Sections 981(a)(1)(A), 981(a)(1)(C) and 1955(d);

WHEREAS, Mark Scheinberg wishes to fully and finally resolve this matter;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties, as follows:

    1.    Mark Scheinberg agrees to forfeit to the United States the sum of $50 million (the "Forfeited Funds"), as full and final resolution of any and all claims by the United States as set forth in paragraph 7. Said funds shall be forfeited as a full and final settlement in lieu of

the PokerStars Distributions that the Government alleges are subject to forfeiture.

2. The Forfeited Funds shall be transferred to the United States Marshals Service within seven (7) business days of the signing of this Consent Order of Forfeiture, and upon transfer shall be maintained by the Marshals Service pending further order of the Court.

3. Mark Scheinberg represents that he is the sole owner of the Forfeited Funds.

4. Mark Scheinberg agrees that he shall not file any claims or petitions for remission relative to the Forfeited Funds, nor shall he assist others in filing any such claims or petitions.

5. Pursuant to Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the government internet site, www.forfeiture.gov, notice of this Consent Order of Forfeiture and notice that any person, other than Mark Scheinberg, claiming an interest in the Forfeited Funds must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site.

6. Upon the expiration of the notice period and the adjudication of any third party claims to the Forfeited Funds, the United States will promptly seek, and this Court will enter, a Final Order of Forfeiture with respect to the Forfeited Funds pursuant to Title 18, United States Code, Sections 981 and 1955, and the Forfeited Funds shall be deemed

forfeited to the United States for disposition according to law, including Title 18, United States Code, Sections 981 and 1955.

7. Upon the entry of the Final Order of Forfeiture with respect to the Forfeited Funds, the United States shall fully and finally release (i) the PokerStars Distributions and any property traceable to or derived from the PokerStars Distributions; and (ii) Mark Scheinberg; from any and all civil claims of any kind or description (*in rem, in personam* or otherwise), based on the allegations of the Complaint and/or the activities of the PokerStars Companies in providing online gaming as alleged in the Complaint.

8. Mark Scheinberg is hereby barred from asserting any claim against the United States or any of its agents and employees (including, without limitation, the Federal Bureau of Investigation and the United States Attorney's Office for the Southern District of New York) in connection with or arising out of the United States' forfeiture of the Forfeited Funds including, without limitation, any claim that the United States did not have probable cause to forfeit the Forfeited Funds, that Mark Scheinberg is a prevailing party or that Mark Scheinberg is entitled to attorneys' fees or any award of interest.

9. This Consent Order of Forfeiture shall in no way be deemed an admission of any wrongdoing, culpability, liability, or guilt on behalf of Mark Scheinberg or any of his respective agents or employees, past and present.

10. This Consent Order of Forfeiture is separate from the PokerStars Settlement and the Forfeited Funds shall not be credited toward the PokerStars Settlement.

11. This Order may be executed in counterparts, each of which, when taken together, shall be deemed the complete Consent Order of Forfeiture.

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____          June 5, 2013
SHARON COHEN LEVIN                                 Date
JASON H. COWLEY
MICHAEL D. LOCKARD
CHRISTINE I. MAGDO
Assistant United States Attorneys

By: _____          04 - June - 2013
MARK SCHEINBERG                                    Date

By: _____          June 5, 2013
MIGUEL A. ESTRADA, ESQ.                            Date
AVI WEITZMAN, ESQ.
Gibson, Dunn & Crutcher, LLP
Attorneys for Mark Scheinberg

SO ORDERED:

_____              June 10, 2013
THE HONORABLE KIMBA M. WOOD                        Date
United States District Judge
Southern District of New York