```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,            :

              Plaintiff,            :   STIPULATION AND ORDER OF
                                                            SETTLEMENT WITH RESPECT
      - v. -                         :   TO ABSOLUTE POKER

POKERSTARS, et al.,                  :   11 Civ. 2564 (KMW)

              Defendants;           :

ALL RIGHT, TITLE AND INTEREST IN THE :
ASSETS OF POKERSTARS, et al.,
                                            :

             Defendants-in-rem.
                                            :
- - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about April 14, 2011, a verified complaint, 11 Civ. 2564 (LBS) (the "Complaint") was filed under seal in the United States District Court for the Southern District of New York seeking the forfeiture of, among other things, all assets of *inter alia*, Absolute Poker, Ultimate Bet, SGS Systems Inc., Trust Services Ltd., Fiducia Exchange Ltd., Blue Water Services Ltd., Absolute Entertainment, S.A. and Blanca Games, Inc. of Antigua (collectively, the "Named Absolute Poker Companies") pursuant to Title 18, United States Code, Sections 1955(d), 981(a)(1)(A), and 981(a)(1)(C) (the "Defendant Property"), and seeking civil money laundering penalties pursuant to Title 18, United States Code, Section 1956 against the Named Absolute Poker Companies;

WHEREAS, on or about May 27, 2011, the United States provided notice of the filing of the Complaint to the Named Absolute Poker Companies by and through its counsel, Jerry D. Bernstein, Esq. of Blank Rome, LLP;

WHEREAS, on or about June 28, 2011, the Named Absolute Poker Companies waived service of the Complaint and Summons;

WHEREAS, on or about September 21, 2011, a verified amended complaint in this action (the "Amended Complaint") was filed seeking the forfeiture of the Defendant Property and seeking civil money laundering penalties pursuant to Title 18, United States Code, Section 1956 against the Named Absolute Poker Companies;

WHEREAS, beginning on May 17, 2011, and for thirty consecutive days thereafter, pursuant to Rule G (4)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, plaintiff United States of America posted notice of the Verified Complaint against the defendants-in-rem, on www.forfeiture.gov, the government internet site, and proof of publication was filed with the Clerk of the Court on November 22, 2011;

WHEREAS, on or about October 31, 2011, Blanca Games, Inc. ("Blanca Games") filed a verified claim for certain of the Defendant Property;

WHEREAS, Blanca Games withdraws its claim for the assets of Blue Water Services Ltd., Trust Services Ltd., SGS Systems Inc. and Fiducia Exchange Ltd.;

WHEREAS, the United States contends that the Defendant Property constitutes (1) proceeds of bank fraud, wire fraud, and the operation of illegal gambling businesses, and (2) property involved in money laundering and the operation of illegal gambling businesses, and Blanca Games alleges meritorious defenses to these allegations;

WHEREAS, the Absolute Poker Group (defined more fully below and including Blanca Games, but not including Blue Water Services Ltd., Trust Services Ltd., SGS Systems Inc. or Fiducia Exchange Ltd.) admitting no wrongdoing in connection herewith, has agreed to the forfeiture of all of its right, title, and interest in the Forfeited Property (defined below) to the United States;

therefore

IT IS HEREBY STIPULATED, ORDERED AND AGREED, by and between Plaintiff United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorneys, Sharon Cohen Levin, Michael D. Lockard, and Jason H. Cowley, of counsel, and the Absolute Poker Group, by its counsel, Jerry D. Bernstein, Esq., of Blank Rome LLP, that:

1.  The Absolute Poker Group agrees that all assets, including property of all kinds, real and personal, tangible and

intangible, goodwill, right or non-physical resource that is presumed to represent an advantage in the marketplace, and anything having commercial or exchange value, of the following Absolute Poker-affiliated and controlled companies (collectively, the "the Absolute Poker Group"), or any other transferee of assets f/b/o the Absolute Poker Group, its owners or designees shall be forfeited to the United States, for disposition according to law, pursuant to Title 18, United States Code, Section 981:

        1. Absolute Poker

        2. Ultimate Bet

        3. Absolute Entertainment, S.A.

        4. Blanca Games, Inc.

        5. Hoop & Javelin Holdings Limited

        6. Lacrosse Holdings Limited

        7. Hoop Payment Solution Services Ltd.

        8. Morning Bliss Overseas Ltd.

(collectively, the "Forfeited Property"). The Forfeited Property shall not include any rights, title or interest in any ownership interests (legal or beneficial) in any of the companies in the Absolute Poker Group or in any other entity in which any of the companies in the Absolute Poker Group has any ownership interest, and any rights arising by virtue of such ownership interest, including, without limitation, any rights among any of the companies

4

in the Absolute Poker Group, their respective legal or beneficial owners or their officers, directors and managers. The Absolute Poker Group further expressly agrees and understands that nothing in this Stipulation and Order of Settlement is intended to transfer, assign or convey the liabilities of any persons or entities, including the companies in the Absolute Poker Group.

2. The Absolute Poker Group represents that it is the sole owner of the Forfeited Property.

3. Blanca Games hereby withdraws its claim in this action for the assets of Blue Water Services Ltd., Trust Services Ltd., SGS Systems Inc. and Fiducia Exchange Ltd.

4. The Absolute Poker Group agrees to cooperate fully with the United States Attorney's Office for the Southern District of New York ("USAO-SDNY") and United States Marshals Service ("USMS") personnel in the identification, seizure and liquidation of assets by:

      A. Providing a list of assets, to include:

          i. Full property description

          ii. Location of property

          iii. Information on loans/liens against Property

    iv. Contact information of current property custodian, or other responsible party

    v. Acquisition value, book value, fair market value and current purchase offers, including identities and contact information of offering parties

  B. Responding to information requests promptly.

  C. Authorizing and facilitating direct contact, as needed, by USAO-SDNY and the USMS personnel with employees, contractors and other asset custodians.

  5. The Absolute Poker Group is hereby barred from asserting any claim against the United States or any of its agents and employees (including, without limitation, the Federal Bureau of Investigation ("FBI"), the USMS, and the USAO-SDNY) in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the Defendant Property, including, without limitation, any claim that the United States did not have probable cause to seize and/or forfeit the Defendant Property, that the Absolute Poker Group (including claimant Blanca Games) is a prevailing party or is entitled to attorneys' fees or any award of interest.

6. The Absolute Poker Group represents that it is the sole owner of the Forfeited Property, and agrees to hold harmless the United States and any and all of its agents and employees (including, without limitation, the FBI and the USAO-SDNY) from any and all third-party claims in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the Defendant Property.

7. The Absolute Poker Group (including claimant Blanca Games) hereby withdraws its claims and/or petitions for remission and agrees that it shall not file any claim or petitions for remission relative to the Forfeited Property, or any action or motion seeking to collaterally attack the seizure, restraint, or forfeiture of the Forfeited Property. Furthermore, the parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order of Settlement.

8. This Stipulation and Order of Settlement shall in no way be deemed an admission of culpability, liability, or guilt on behalf of the Absolute Poker Group. Further, this Stipulation and Order of Settlement shall in no way constitute any reflection upon the merits of the claims and defenses asserted respectively by the United States and the Absolute Poker Group.

9. The civil money laundering claims against the Named Absolute Poker Companies are hereby dismissed with prejudice, with the exception of the civil money laundering claims against Blue Water Services Ltd., Trust Services Ltd., SGS Systems Inc. and Fiducia Exchange Ltd., which remain pending.

10. Each party shall bear its own costs and attorneys' fees.

11. The signature pages of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Signature pages may be by fax and such signatures shall be deemed as valid originals.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney
Southern District of New York

By: _____   5/22/12
Sharon Cohen Levin                    DATE
Michael D. Lockard
Jason H. Cowley
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
(212) 637-1060/2193/2479

[ADDITIONAL SIGNATURES ON NEXT PAGE]

ABSOLUTE POKER/THE ABSOLUTE POKER GROUP
(including Absolute Poker, Ultimate Bet, Absolute Entertainment, S.A., Blanca Games, Inc., Hoop & Javelin Holdings Limited, Lacrosse Holdings Limited, Hoop Payment Solution Services Ltd., and Morning Bliss Overseas Ltd.)

By: _____    4/30/12
Jerry D. Bernstein, Esq.         DATE
Blank Rome, LLP
405 Lexington Avenue
New York, New York 10174-0208
(212) 885-5511
Counsel for Absolute Poker, Ultimate Bet, Absolute Entertainment, S.A., Blanca Games, Inc., Hoop & Javelin Holdings Limited, Lacrosse Holdings Limited, Hoop Payment Solution Services Ltd., and Morning Bliss Overseas Ltd.

SO ORDERED:

_____    July 15, 2013
THE HONORABLE KIMBA W. WOOD    DATE
UNITED STATES DISTRICT JUDGE